## FINK v. BAY SHORE TERMINAL CO.

(Circuit Court of Appeals, Fourth Circuit. May 3, 1906.)

No. 671.

APPEAL—PERSONS ENTITLED—DENIAL OF PETITION TO INTERVENE—DISCRETION OF COURT.

A bondholder, who with all other bondholders was represented in a suit in a Circuit Court by the trustee in the mortgage securing the bonds, is not entitled as a matter of right to intervene and become a party for the purpose of taking an appeal from the decree entered, and the court will not be compelled by mandamus to admit him as such party where it has denied his petition therefor in the exercise of its discretion.

In Equity.

In the matter of the petition of Frank D. Zell, filed in this court on May 2, 1906, praying that the writ of mandamus issue from this court to the Circuit Court of the United States for the Eastern District of Virginia, requiring said court to admit the petitioner as a party to said cause, and to allow him an appeal from and supersedeas to the decree of sale entered by said court in that cause on the 17th day of March, 1906.

William L. Royall and Reynolds D. Brown, for the petitioner.
D. Lawrence Groner and Tazewell Taylor, opposed.

Before GOFF, Circuit Judge, and BOYD, District Judge.

GOFF, Circuit Judge. This court has considered the petition, exhibits filed therewith, and the record of the said cause as made in the court below. It appears that said Circuit Court refused the request of petitioner to be made a party to said cause, with leave to appeal from the decree of March 17, 1906, before mentioned, for the reason that petitioner, who was a bondholder, was duly represented in said litigation by the trustee in the mortgage under which petitioner claimed, and by which his bonds are secured, said trustee having been made a party defendant in said cause, and having answered the bill filed therein, having filed a cross-bill and otherwise represented the holders of all the bonds secured under the mortgage referred to. Petitioner asked that he might be permitted to intervene and become a party in order that he might appeal. No special cause was assigned by him, as a reason why such permission should be granted, save only that his rights were not fully protected by the decree of which he complained. No fraud is charged against the trustee, no collusion between the trustee and other bondholders, or other parties is alleged, and no cause is shown by petitioner from which the court could find that the refusal of the trustee to appeal from said decree was not entirely proper and justified by the interests represented by it. Under these circumstances the Circuit Court exercising its judicial discretion refused the request of petitioner, and declined to permit him to become a party to said cause.

It was not the positive duty of the court below to permit the petitioner to become a party to said cause. That court has not declined to discharge any duty imposed upon it, so far as the petitioner is concerned, but it has held that as he is already represented in said litiga-

tion by the party duly selected for that purpose—the trustee in the mortgage, it would not be proper under the rules of procedure applicable to such matters, to permit him individually to intervene, and antagonize the trustee in the discharge of his common duty to all the bondholders. No appeal lies from such discretionary action of the court below. To hold otherwise would create inextricable confusion in judicial proceedings, and render it almost impossible to terminate litigation of the character involved in this cause. Petitioner not having been made a party was not entitled to an appeal from the decree complained of, and, not being so entitled the writ of mandamus, must not issue compelling the court below to grant him an appeal.

The court below not being required to grant petitioner's request to become a party, and having in the due exercise of its judicial discretion declined to do so, mandamus from this court will not issue compelling it so to act.

Denied.