## TRUST CO. OF AMERICA v. NORFOLK & S. RY. CO.

### (Circuit Court, E. D. Virginia. October 13, 1909.)

1. RAILROADS (§ 153\*)—BONDS—RIGHTS OF HOLDERS AS BETWEEN THEMSELVES.

    Bonds secured by a railroad mortgage are of peculiar character, and the rights of no holder thereof can be considered, without having proper regard for the rights of other holders and others in interest who are to be affected.

    [Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 467–471; Dec. Dig. § 153.\*]

2. RAILROADS (§ 186\*)—SUITS TO FORECLOSE MORTGAGES—INTERVENTION BY BONDHOLDER.

    In a suit by the trustee to foreclose a railroad mortgage, a bondholder is not entitled, as matter of right, to intervene and be made a party defendant, and leave to do so should not be granted, where the case has so far progressed that the trustee is entitled to a decree of foreclosure and sale, which is desired by a large majority of the bondholders, who have perfected arrangements for a reorganization, and the effect would be to delay such sale and prolong a receivership of the property, and where the rights of the applicant can be fully protected in the proceeds of the property.

    [Ed. Note.—For other cases, see Railroads, Cent. Dig. § 616; Dec. Dig. § 186.\*]

In Equity. Suit by the Trust Company of America against the Norfolk & Southern Railway Company to foreclose mortgage. On petition of Fergus Reid to be allowed to intervene as an individual bondholder. Leave denied.

The purpose of this litigation is to foreclose a certain consolidated mortgage, executed by the Norfolk & Southern Railway Company to the Trust Company of America, trustee, upon its railroad property and franchises, and is before the court at this time upon the application of the trust company for a decree of sale in advance of the ascertainment of liens upon the property, and upon the petition of Fergus Reid to be allowed to intervene as an individual bondholder for the purpose, among other things, of opposing the motion for sale, and to present sundry questions which it is claimed by him the trustee failed to take cognizance of, and as to which it is incompetent to act in its fiduciary capacity.

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

T. L. Chadbourne, Jr., and Frederick Hoff, for complainant.
Edward R. Baird, Jr., for defendant Norfolk & S. Ry. Co.
Williams & Tunstall, for petitioner.

WADDILL, District Judge (after stating the facts as above).   On Wednesday, the 29th day of September, 1909, two days before the time set to hear the application for sale of the property of the defendant railway, the petitioner, Reid, appeared and presented his petition, setting forth charges, briefly, that certain members of the syndicate having for its object the purchase of the securities of the defendant railway at the time of and with a view of its formation, collusively with the company and the Trust Company of America caused the indebtedness of the company to be augmented largely in excess of its real indebtedness; and said petitioner prayed, among other things, that the court, through its receivers or otherwise, would thoroughly investigate the circumstances respecting the formation of the syndicate, and take the necessary steps to collect, in behalf of the defendant company, from the persons profiting by this wrong, the amount appearing to be due by them respectively; and petitioner specially asked that the court would delay any proposed action looking to the sale of the property under its control until this inquiry could be had, and this proceeding taken.   The Trust Company of America, trustee, and the defendant company, appeared by counsel and resisted the filing of this petition and granting of the motion to delay the sale; and after full hearing thereon, and mature consideration thereof, the court, on the 1st day of October, allowed the petition to be filed, and gave leave to the defendant company, to the receivers, or to any person in interest, to answer or make such other defense thereto as they might be advised on or before the 3d day of November, 1909.   The court further decided that the sale should not be postponed on account of any of the questions presented by the petition, but that the property should be at once sold, reserving from the operation of the sale, for the benefit of the defendant company and its creditors, any estate to be recovered as the result of the investigation growing out of the said petition.

Counsel for the petitioner thereupon asked that the sale might be postponed until the coming in of the answers to his petition, which the court took under advisement until Saturday, the 9th day of October, 1909, that being the time set for the entry of the decree of sale and hearing formal objection thereto, but with the intimation on its part that, as then advised, it did not think that the sale should be delayed pending the making of defense as aforesaid to the petition.   On the 9th day of October, 1909, petitioner presented what purports to be his amended and supplemental petition, asking leave to intervene as an individual bondholder, to be made a party defendant, and in which petition he assails the bond issue under the mortgage sought to be foreclosed, and asks that the sale be delayed pending consideration of the questions presented by his said amended and supplemental petition. The Trust Company of America, trustee, and the defendant railway company, thereupon appeared and resisted the filing of said amended

and supplemental petition, and it is as to the propriety of filing this last-named paper that the court has now to determine.

Several considerations present themselves: First, this is in no sense, in the opinion of the court, an amended and supplemental petition to the one allowed to be filed by the petitioner on the 2d day of October as aforesaid. On the contrary, it seeks to do just what that petition did not do. The petitioner did not there ask to be made a party defendant to the cause, but, on the contrary, that this petition might be filed, and that the court, through its receivers, investigate and inquire as to whether or not certain assets might not be recovered for the defendant company. This amended petition asks leave to intervene as an individual bondholder, and become a party defendant to the suit, and in effect take part in the management and direction of the same, upon the assumption that the trustee is incapacitated so to do, and that the defendant company has been derelict in the discharge of its duty regarding the matters and things sought by the petition to be remedied.

Assuming that the petitioner, upon the face of his petition, has stated such a case as technically might entitle him to intervene in his own behalf, which, in passing, may be said to be exceedingly doubtful, still, whether he should be permitted to do so at this time, and under these circumstances, here, is an entirely different question. Securities of the class involved in this litigation, namely, bonds secured under a railroad mortgage, are of peculiar character, and the rights of no holder thereof can be considered, without having proper regard to the rights of other holders of such securities, or others in interest who are to be affected thereby. What the petitioner seeks to do would tend to affect the value of every security issued under the mortgage which he claims, and, if permitted to intervene at this stage of the case, would largely, if not entirely, prevent the use of the mortgage securities in the sale of the property, for the purpose of the legitimate reorganization of the company, and result in indefinitely tying up the same, and continuing it in the hands of the court, instead of its owners. This ought to be avoided, unless there is some controlling reason making the same necessary. The trustee, in opposing the filing of this petition and in asking for the sale of the property under the mortgage sought to be foreclosed, has the support of, and speaks for, more than $13,000,000 out of an issue of $14,000,000 of securities outstanding under the refunding mortgage of $15,000,000 under foreclosure. The reason for not allowing the intervention in this cause becomes more apparent, because it by no means follows that the petitioner may not, in effect, secure the relief he asks by his amended and supplemental petition from the investigation that may be ordered under his petition asking therefor, heretofore allowed to be filed; and likewise he will have preserved to him the right against the proceeds arising from the sale of the property asked to be sold to assert his claim, and then to make proper contest between himself and any other bondholders claiming to hold bonds under the mortgage as between themselves.

The cause has matured, and sufficiently progressed to entitle the complainant trustee to the entry of a decree foreclosing the mortgage

sought to be enforced. A decree of reference was duly entered, the master's report filed, and time for exceptions thereto has elapsed. The declaration of the ascertainment of the amount due under the mortgage, and for which the mortgagor company may redeem, of course, is not conclusive of the amount of the debt actually due; and the court sees no reason why the sale may not now be had, and, indeed, believes that the interests of the parties affected will best be subserved by at this time disposing of the property.

The court is not unmindful of the fact that the receivership in this cause has not been of long duration, and that the same has been successful, and the property, as a result, largely increased in value, as claimed by the petitioner; but it does not follow therefrom that it is not desirable for the court to discontinue the administration of property of this character at the earliest moment, and the court cannot lose sight of the fact that it is rarely practicable to effect a sale of property of this class and size, except through the co-operation of the owners of the property seeking to reorganize the same, and at a time when they themselves by concerted action can either acquire the same or effect a sale thereof.

The questions under consideration are now so well settled that no general review of authorities is necessary. The recent decisions of this court in Bowling Green Trust Co., Trustee, v. Virginia Passenger & Power Co., 132 Fed. 921, and 164 Fed. 753, in Fink v. Bay Shore Railroad Co., 144 Fed. 837, 75 C. C. A. 665 (a decision of the Circuit Court of Appeals of this circuit), and in Central Trust Co. v. Cincinnati, H. & D. R. R. Co. (C. C.) 169 Fed. 466 (a decision of Judge Lurton, of the Sixth circuit), and authorities cited in said cases, will be found to contain a full discussion and consideration of the subject.

The right of the petitioner to file his amended and supplemental petition, and to intervene as a bondholder, will be denied, but without prejudice to him hereafter, as against the proceeds of sale of the property, to take such steps as he may be advised to assert his claim, and to challenge those of other bondholders, the allowance of whose claims will tend to diminish the petitioner's share of the fund.

The decree for sale of the property will at this time be ordered.