**AUSTIN et al. v. GARARD et al.**
No. 4599.

Circuit Court of Appeals, Seventh Circuit.
July 18, 1932.

Rehearing Denied Oct. 11, 1932.

Archibald Cattell and Carl A. Waldron, both of Chicago, Ill., for appellants.

Robert N. Erskine and John J. Healy, both of Chicago, Ill., for appellees.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

EVANS, Circuit Judge (after stating the facts as above).

A rather simple legal question is presented. The application of the announced rule to the facts, however, is not so easily made.
Appellants sought leave to intervene in an equity suit. Their interests are those of

stockholders. Without some good reason back of their request the court should not—certainly is not required to—grant leave to a stockholder who merely as a stockholder asks leave to intervene. Ordinarily the company represents all of the stockholders in the litigation. In re Babcock et al. (C. C. A.) 26 F.(2d) 153, 156; Porter v. Sabin, 149 U. S. 473, 13 S. Ct. 1008, 37 L. Ed. 815. In In re Babcock, supra, this court said:

"It is elementary that in corporate litigation the corporate stockholders are represented by the corporation, and that, in general, the stockholders or individuals or groups of them are not entitled to intervention or separate representation. Hawes v. Oakland, 104 U. S. 450, 26 L. Ed. 827; Corbus v. Alaska Treadwell Gold Mining Co., 187 U. S. 455, 463, 23 S. Ct. 157, 47 L. Ed. 256."

Are there any special reasons—any particular, peculiar facts—which take this case out of the ordinary rule and justify or necessitate action favorable to petitioners?

Appellants are unfortunate in that they have misconstrued the object and purpose of a petition to intervene. They have sought to join in such an application a bill of complaint which charges numerous and serious acts of misconduct on the part of the officers and managers of the trust, for which misconduct they seek to hold the officers and directors liable. Among the many acts of misfeasance and malfeasance the petition charges that the trustees of the trust improperly mingled funds derived from bonds and other trust funds with the general assets of the company; that they negligently loaned funds of the company; incurred excessive liabilities; wrongfully diverted the assets of the company; paid dividends out of capital; and issued false and fraudulent reports and statements. Additional defendants are named against whom relief is sought.

Should the proof support these allegations, the right to enforce the civil liability of the directors for their misconduct is one belonging to the corporation, for the enforcement of which the receiver is the proper party to maintain the suit. (See Porter v. Sabin, supra.) Likewise, much of the other relief sought is for the corporation and must be enforced by the receiver.

The original complaint upon which the receiver was appointed nowhere alleges any misconduct on the part of the managers and officers of the trust, nor of loss of property which may be recovered, such as are set forth in the appellants' petition. In other words,

if the allegations of appellants' petition be accepted as true, there are causes of action existing in favor of the receiver which are not suggested in the original bill of complaint upon which the receiver was appointed.

Reading the original complaint and the petition for leave to intervene together, the conclusion that the plaintiff in the original suit was not hostile, but instead friendly, to the defendants seems unavoidable. In fact, one can hardly escape the conclusion from a reading of the petition to intervene that a claimant friendly to the interests of the defendants sought to forestall a receivership instituted at the instance of a hostile claimant, rather than to invoke the protecting arm of the court to secure fair and equitable treatment for all interests.

But it does not follow that, though the original proceedings were instituted by parties friendly to the defendants, the court appointing the receiver or the receiver appointed by the court will fail to adequately protect the interests of all. While the court should see that the appointment of an improper receiver does not result from a collusive ex parte application for the appointment of a receiver, nor in the undue limitation of the receiver's duties or powers, there is absolutely nothing in the record before us that would justify the suggestion that the receiver appointed was impliedly or otherwise limited in the free exercise of its efforts to secure property and enforce rights which would benefit the trust.

Appellants' remedy is not to file a petition and seek relief which is in the nature of a separate bill of complaint. They could, and should, if the facts warrant it, bring to the receiver's and the court's attention, facts which disclose new assets and new choses in action or liabilities for which the receiver might bring suit. If the receiver fails to pursue individuals or companies, or groups of individuals and companies, be they officers or directors of the companies, after its attention has been brought to facts showing such liability, the petitioners' remedy is clear. They may apply to the court and cause the receiver to be removed. While the instant case seems to be one where the misconduct of the officers naturally tends to make the defrauded investor "see red" and to chafe at delays, the orderly administration of the affairs of the trust will best and most effectively promote the interests of all. No facts indicating any laxity or failure on the part of the receiver to enforce every right existing in favor of

the companies are suggested in the record before us.

We have attempted to construe the appellants' petition as liberally as possible and to exclude the irrelevant allegations as surplusage. But even so we fail to find anything therein which would justify, much less necessitate, the court's granting leave to intervene. If either appellant has an individual cause of action not enforceable by the receiver as such, he or she is at liberty to pursue the appropriate action to vindicate such right. For such purposes the courts are open.

█ Strictly speaking a petition to intervene calls for the exercise of discretion on the part of the District Court. Clark, in his book on Receivers, (§ 532) well states the rule as follows:

"The Supreme Court of the United States has held that after the federal court has properly obtained jurisdiction over a corporation and has appointed receivers thereof, the granting or refusing of an order permitting other parties closely identified therewith to intervene, and making them parties, is not of a jurisdictional nature and the granting or refusing of the order generally rests within the discretion of the court appointing the receiver. Upon refusal of the petitioner leave to intervene, he is at full liberty to assert his rights in any other appropriate form of proceeding. If such person attempts to intervene and it is shown that he could with more propriety and with less difficulty file an independent bill or otherwise assert his rights and not encumber the receivership litigation with collateral issues, then the question of refusing or allowing intervention is discretionary with the chancellor and the intervenor's rights are not infringed."

The decree is
Affirmed.

### On Petition for Rehearing.

PER CURIAM.

Appellants in their petition for rehearing have called our attention to the fact that we have at times referred to their pleading as a petition to intervene and state that we have ignored the fact that two petitions to intervene were filed successively. A better understanding of the conclusion reached will be had if a statement of the proceedings which occurred in the District Court be first made.

█ Upon an original bill of complaint filed in the District Court, a receiver of the Garard Trust Company, an Illinois corporation, was, upon the consent of said company, duly appointed; thereafter on June 21, 1930, two petitioners, Margaret J. Austin and Hugh B. Speer, petitioned the court for leave to file an intervening petition in the cause, and on the same day such leave was granted. They thereupon filed what they called the "Intervening petition of Margaret J. Austin and Hugh B. Speer in the nature of an original bill of complaint filed by leave of court." A motion to dismiss such intervening petition was made, and the court, in granting the motion, referred to it as the "Intervening petition of Margaret J. Austin and Hugh B. Speer." Looking to both of the so-called petitions to intervene, it is apparent that the court construed the first petition as one which merely sought permission to *file* the formal pleading which was the second so-called petition to intervene. The permission to *file* the first pleading was not an adjudication of the petitioners' right to intervene or to file a bill of complaint, but was a mere permission to file something, the sufficiency and propriety of which would be determined after it was filed.

We think the District Court followed the usual practice in applications of this kind when it granted leave to petitioners to *file* their petition. When the complaint was filed, the District Court was required to pass on the merits and upon its jurisdiction of the cause of action set forth. It was upon this hypothesis that we wrote our opinion, but evidently failed to make ourselves clear.

As we have found nothing in the petition for rehearing which has caused us to change our conclusion, the said petition for rehearing must be and is hereby denied.