**RHEINBERGER v. SECURITY LIFE INS. CO. OF AMERICA.**

**REITZELL et al. v. RHEINBERGER et al. No. 5165.**

Circuit Court of Appeals, Seventh Circuit. July 13, 1934.

G. A. Spencer, Frank H. Bryan, James A. O'Callaghan, and Joseph McCormack, all of Chicago, Ill., for appellants.

Follett W. Bull, Arthur S. Lytton, and Olaf A. Olson, all of Chicago, Ill., for appellee John A. Massen, receiver.

L. A. Stebbins, of Chicago, Ill., amicus curiæ.

Before EVANS, SPARKS, and FITZHENRY, Circuit Judges.

SPARKS, Circuit Judge.

This appeal is from an order of the District Court denying appellants' petition for leave to intervene in a receivership proceeding of the Security Life Insurance Company of America instituted by stockholder Rheinberger. The facts are set forth in the opinion of the District Court in 4 F. Supp. 824, and are made a part of this opinion by reference.

The basis of the intervening petition was an order of the District Court on November 12, 1932, approving amendments to a reinsurance contract entered into by Central Life Insurance Company of Illinois and the receiver of the Security Life Insurance Company of America which was approved by the same court on August 15, 1932. The State Insurance Department of Illinois had never approved the original contract as required by the Illinois statutes, but had indicated that it would do so. It approved the contract with the amendments on November 14, 1932. Both the original and the amended contracts provided for amendment by the parties with the approval of such State authority or authorities as might be required by law, and with the consent and approval of the District Court of the United States for the Northern District of Illinois, Eastern Division. The request to intervene was filed July 7, 1933, and its sole object was to attack the order of the court in approving the amendments.

We are precluded from passing upon the right of the District Court to permit the amendments by the settled rule of practice that intervention will not be allowed for the purpose of impeaching a decree already made. United States v. California Co-op. Canneries, 279 U. S. 553, 49 S. Ct. 423, 73 L. Ed. 838, and cases therein cited. See also Commercial Electrical Supply Company v. Curtis (C. C. A.) 288 F. 657; Swift v. Black Panther Oil & Gas Company (C. C. A.) 244 F. 20; Spiller v. St. Louis & San Francisco Railway Company (C. C. A.) 14 F.(2d) 284; North American Company v. St. Louis & San Francisco Railway Company (D. C.) 288 F. 612.

Appellants contend, however, that the rule will not override the provisions of Equity Rule 37 (28 USCA § 723), which gives them the right to intervene. This position is not tenable, for as Mr. Justice Brandeis stated in United States v. California Co-op. Canneries, supra, the rule of practice is embodied in Equity Rule 37. See footnote 1, and cases cited.

Appellants further rely upon Louisville Trust Company v. Louisville, New Albany & Chicago Railway Company, 174 U. S. 674, 19 S. Ct. 827, 43 L. Ed. 1130, and First National Bank of Cincinnati v. Flershem, 290 U. S. 504, 54 S. Ct. 298, 78 L. Ed. 465, as supporting a contrary doctrine, but we think they do not. In the Louisville case, permission to intervene had been granted, and subsequently the decree of foreclosure and sale were entered. Later the intervenor filed a second petition seeking to set aside that decree. The appeal was based upon the court's refusal to set aside the decree and had no reference to petitioner's right to intervene. Hence it is clear that the intervenor was not seeking to set aside a decree entered prior to the granting of his intervening petition.

In the Flershem case, it is not disclosed that leave to intervene was requested for the sole purpose of setting aside a prior order or decree, or that any issue was raised relative thereto, and it is not apparent that the rulings in that case in any way conflict with the rule of practice as set forth by Mr. Justice Brandeis in the California case.

Appellants' application for permission to intervene was addressed to the discretion of the District Court, and the order appealed from was not of such character as to furnish the basis for appeal. City of New York v. New York Telephone Company, 261 U. S. 312, 43 S. Ct. 372, 67 L. Ed. 673; City of New York v. Consolidated Gas Company, 253 U. S. 219, 40 S. Ct. 511, 64 L. Ed. 870; Credits Commutation Company v. United States, 177 U. S. 311, 20 S. Ct. 636, 44 L. Ed. 782; Bethlehem Steel Company v. International Combustion Engineering Corporation (C. C. A.) 68 F.(2d) 952; Austin v. Garard (C. C. A.) 61 F.(2d) 129; State of North Carolina v. Southern Railway Company (C. C. A.) 30 F.(2d) 204; Board of Drainage Commissioners v. Lafayette Southside Bank (C. C. A.) 27 F.(2d) 286; Palmer v. Bankers' Trust Company (C. C. A.) 12 F.(2d) 747.

Appellants contend, however, that that rule does not apply where one who seeks to intervene has a direct and immediate interest in a res which is the subject of the suit. United States v. California Co-op. Canneries, 279 U. S. 553, 49 S. Ct. 423, 73 L. Ed. 838. This court in Re Babcock et al., 26 F.(2d) 153, and in Austin v. Garard, supra, has held that the mere element of interest, such as stock ownership in a corporation, then in the hands of a receiver, is not such a direct and immediate interest as will create an absolute right to intervene in the receivership.

The order of the court in denying the petition to intervene not being an appealable order, this appeal is dismissed.