### STALLINGS v. CONN et al.
#### No. 7355.

Circuit Court of Appeals, Fifth Circuit.
Dec. 4, 1934.

Oliver D. Street, of Birmingham, Ala., for appellant.

William S. Pritchard and F. W. Davies, both of Birmingham, Ala., for appellees.

Before BRYAN, HUTCHESON, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

This is an appeal from a decree denying a petition of the appellant for leave to intervene as a party defendant in a cause wherein A. L. Conn and others were plaintiffs and the Lincoln Reserve Insurance Company was the defendant. In this court the appellees entered a motion to dismiss the appeal, several grounds being assigned, including the grounds that the order or decree appealed from is not a final order or judgment from which an appeal lies, that the order sought to be appealed from is a discretionary order and not reviewable on appeal, and that it appears from facts shown on the face of that order that the court in making it did not abuse its discretion.

The bill in the suit in which appellant sought leave to intervene was filed in the court below on January 11, 1933, by persons claiming to be creditors and stockholders of the Lincoln Reserve Life Insurance Company, an Alabama corporation (herein referred to as the Corporation), against that corporation, and was in the nature of a general creditors' and stockholders' bill. It contained allegations to the effect that the corporation had suspended its ordinary business because of lack of funds to carry it on; that dissension had developed among its officers, directors, and stockholders, a number of its directors having recently resigned, and it was without the required complement of officers and directors; that it had pledged substantially all of its assets to the Reconstruction Finance Corporation, absolutely depleting its treasury; that there are many unpaid death claims, demands of policyholders for cash surrender value, and for loans on their policies, which the corporation is unable to meet, being without assets or money, and unable to resume business; and that many suits are threatened, defense of which would be expensive. The bill contained prayers that the court take jurisdiction of the administration of the estate, business, and affairs of the corporation; that the court appoint a receiver of the property and assets of the corporation, with authority to continue and operate its business as a going concern, and issue a restraining order or injunction directed to all persons, firms, and corporations asserting claims against the corporation, ordering and directing them to propound such claims in that proceeding, to the end that the amount thereof be ascertained and fixed by the decree of the court, and for general relief. On the day the bill was filed the court appointed J. L. Drennen receiver, the order making such appointment reciting that the corporation appeared "by and through Jesse T. Stallings, its Solicitor, and J. L. Drennen, Director and Agent, and the Respondent by and through its said Solicitor and Agent admitting the material allegations of complaint to be true." After the appointment of the receiver, the corporation, by Jesse T. Stallings, its solicitor, filed a written answer to the bill, admitting its material allegations. The superintendent of insurance and the treasurer of the state of Alabama were allowed to intervene as parties plaintiff, and they joined in the prayers of the bill. Several individuals were allowed to intervene as parties plaintiff or defendant. Thereafter efforts were made by the corporation and its stockholders to rehabilitate the corporation, and hearings in open court were held on plans of reorganization suggested by stockholders. After those plans had failed, the receiver filed a petition for leave to sell assets of the corporation, including its going insurance business. After hearing in open court, on February 21, 1933, a decree was entered directing the receiver to sell and dispose of certain assets of the corporation, to execute a reinsurance contract with the Protective Life Insurance Company, and to execute a declaration of trust providing for the liquidation of certain assets of the corporation by and through the Protective Life Insurance Company as trustee.

On March 23, 1933, appellant filed a petition for leave to intervene as a party defendant in the cause "for the protection of her interests as she may be advised." That petition alleged that petitioner owns 49 per cent. of the preferred stock of the corporation and about 85 per cent. of its common stock. On the same date appellant filed a petition for the allowance of an appeal by her to this court from the above-mentioned decree rendered on February 21, 1933; the petition for appeal being accompanied by assignments of error challenging that decree on sundry grounds, including the ground that the court erred in taking jurisdiction of the cause, and concluding with a prayer that that decree be reversed and annulled. Following

a hearing in open court on appellant's petition for leave to intervene and objections by complainants in the cause to the allowance of such intervention and the making by the court of written findings of fact and of statements of conclusions of law, the court on May 12, 1933, entered an order denying appellant's petition for leave to intervene. Recitals contained in that order included the following: "And it appearing to the Court of its own knowledge and not from evidence introduced on the hearing that the said petitioner had been personally present in this court and was represented by competent legal counsel upon various hearings in the progress of the cause from time to time prior to the rendition of the decree entered herein on February 21st, 1933, from which she now seeks to appeal, and the said petitioner not having elected to make herself a party to said cause prior to the rendition of said decree is, in the opinion of the Court, without right to speculate upon the outcome of said matter and only after the rendition of such decree, then over the objection of parties plaintiff make herself a party to the suit for the purpose of an appeal or impeaching the said decree, especially where other parties respondent have acted in good faith and evidenced no desire to appeal from the rendition of said decree, and the right to intervene being discretionary with the Court and the Court being of the opinion that the said Marie Stallings is not entitled to intervene on the merits." The findings of fact made by the court prior to the rendition of the last-mentioned order included findings to the effect that, prior to February 21, 1933, appellant appeared before the court and stated that she owned certain shares of stock of the corporation; appeared before the court and was represented by competent legal counsel in a number of hearings wherein administrative matters concerning the administration of the estate of the corporation were considered by the court; attended hearings in open court on sundry offers and propositions to purchase the assets, properties, and going business of the corporation, or to take over and liquidate the same by an agency of the court, or to reinsure the outstanding policies of the corporation, with certain concessions to other creditors and stockholders; and advised with the court as to which of such offers or propositions in her opinion would be for the best interest of the creditors and stockholders of the corporation, and that appellant was present in person before the court and represented by competent legal counsel on the occasion when the court heard evidence on the

receiver's report and petition for an order of court granting him leave to dispose of assets of the corporation, culminating in the decree of February 21, 1933, and failed at any time prior to the rendition of that decree to file a petition for leave to intervene in the cause.

In the circumstances attending the denial of appellant's petition for leave to intervene, we are of opinion that that order was a discretionary one, not reviewable on appeal. It may be assumed, without being decided, that appellant would have been entitled to intervene in the cause if a proper application for leave to do so had been timely made. No intervention is allowable unless it is "in subordination to, and in recognition of, the propriety of the main proceeding." Equity Rule 37 (28 USCA § 723). Applications for leave to intervene in a case after the entry of a final decree are very unusual, and in the discretion of the court may be denied, especially where there is no proper showing of an excuse for the delay in making the application. United States v. Northern Securities Co. (C. C.) 128 F. 808, 810; Smith v. Gale, 144 U. S. 509, 520, 12 S. Ct. 674, 36 L. Ed. 521; Caldwell v. Guardian Trust Co. (C. C. A.) 26 F.(2d) 218, 222; 21 C. J. 345. The order on a petition for leave to intervene in a cause is not appealable where it is within the discretion of the court to grant or deny such leave. United States v. California Coop. Canneries, 279 U. S. 553, 556, 49 S. Ct. 423, 73 L. Ed. 838; Lupfer v. Carlton (C. C. A.) 64 F.(2d) 272; Bethlehem Steel Co. v. International Combustion Engineering Corp. (C. C. A.) 68 F.(2d) 952. A petition for leave to intervene in a cause should be accompanied by a full copy of the proposed pleadings. A purpose of this requirement is to enable the court to know the nature of the defense or contention desired to be made by the applicant for leave to intervene. Toler v. East Tennessee, V. & G. Ry. Co. (C. C.) 67 F. 168, 175; Rhinehart v. Victor Talking Machine Co. (D. C.) 261 F. 646. The purpose of the appellant in seeking leave to intervene was not disclosed otherwise than by the prayer of her petition that the court "make an order allowing her to intervene as a party defendant in said cause for the protection of her interests as she may be advised," and by her petition for the allowance of an appeal by her from the above-mentioned decree rendered by the court on February 21, 1933, and assignments of error challenging that decree, which petition for appeal and assignments of error were filed at

the time appellant's petition for leave to·intervene was filed. The fact that the filing of appellant's petition for leave to intervene was accompanied by the filing of the petition for appeal and assignments of errors imported that the purpose of the appellant in seeking leave to intervene as a defendant was that she be enabled to appeal from the previously rendered decree and bring about the annulment or reversal of it, on the ground, among others, that the court which rendered that decree was without jurisdiction of the cause. The record does not show that at any stage of the proceedings it was made known or intimated to the court that the appellant desired or proposed, upon her becoming a defendant following the granting of her application for leave to intervene, to take any action other than suing out and prosecuting an appeal from the previously rendered decree. The record shows that, after the making of the order denying appellant's petition for leave to intervene, she filed an application which, after setting out what she claimed correctly stated in substance the proceedings had before the court on the hearing of her petition for leave to intervene, prayed that the court "make a proper certificate as to the testimony and proceedings had on said petition to intervene." Included in what was so set out in that application were statements to the effect that on the hearing on the petition for leave to intervene appellant's counsel stated that he was not asking for a hearing at that time of appellant's petition to be allowed an appeal from the decree of February 21, 1933, and he read the prayer of the petition for leave to intervene, and stated that appellant was seeking to intervene for the purpose of defending and safeguarding her rights as she might be advised, and further stated that not until appellant was made a party would her petition for appeal properly arise, and it would then be the proper time for the court to decide whether appellant had lost her right to appeal from said decree.

It thus appears from appellant's own version of what occurred on the hearing of her petition for leave to intervene that her counsel in that hearing contended in effect that that petition should be granted, in the absence of any showing that the proposed intervention was intended to be "in subordination to, and in recognition of, the propriety of the main proceeding." In no way was it made to appear that appellant or her counsel contemplated that the granting of her petition for leave to intervene would be availed of otherwise than by her becoming a party defendant for the purpose of attack-

ing the previously rendered decree by appealing therefrom. The appellant was not entitled to be afforded an opportunity to challenge the propriety of the main litigation or the court's jurisdiction thereof. Adler v. Seaman (C. C. A.) 266 F. 828, 841; King v. Barr (C. C. A.) 262 F. 56. To say the least, it was not made to appear that the proposed intervention was intended to be "in subordination to, and in recognition of, the propriety of the main proceeding." In the circumstances disclosed, it was in the court's discretion to deny to the appellant leave to intervene, and the order to that effect was not appealable.

In argument of counsel for the appellant, it was contended that the court's findings of fact with reference to appellant being personally present in court and represented by counsel in various hearings in the progress of the cause from time to time prior to the rendition of the decree of February 21, 1933, and advising with the court as to matters presented for consideration in such hearings, were unwarranted, because those findings were based on the court's own knowledge, and not on evidence in regard thereto introduced in a hearing before the court. In this connection it was suggested that, in making findings based on his own knowledge as to facts having controlling influence on his exercise of discretion in passing on appellant's application for leave to intervene, the presiding judge violated the general rule that a judge before whom a case is being tried is not a competent witness therein. So far as we are advised, there is no authority or good reason for giving that rule the effect of forbidding a judge who presides in an equity cause to base conclusions or findings upon his own knowledge of what has occurred in his presence in the conduct of proceedings in the cause in which he has presided. We are aware of no valid reason for making the right of a judge to make findings as to such occurrences in his presence dependent upon the introduction in evidence of a narrative or narratives by a witness or witnesses of what is already known to the presiding judge by reason of it having occurred in his presence during the progress of the litigation while he was presiding therein. It is quite usual for fact findings in a cause in which the presiding judge is the trier of the facts to be based in part on his knowledge of what has occurred in his presence in proceedings in the cause in which he presided. We are of opinion that such findings properly may be based on the judge's knowledge of what occurred in his presence while presiding in the cause,

whether the findings are with reference to what was done or omitted by a party to the cause, or with reference to what one who seeks leave to intervene in the cause did or omitted to do, prior to his seeking leave to intervene, while participating in proceedings in the cause by reason of his having or claiming an interest in the result thereof. Furthermore, approval of the findings in question is not necessary to support the conclusion that it was within the court's discretion to deny the petition for leave to intervene, as, in the absence of any showing of an excuse for delaying the application for leave to intervene until after the rendition of a final decree in the cause, the presumption properly might have been indulged that appellant knew of the pendency of the suit and the nature of it from the time it was brought, and in no way was excusable for her delay in filing a petition for leave to intervene, with the consequence of making her chargeable with a lack of reasonable promptness in seeking leave to intervene.

The appeal is dismissed.