BACHRACH et al. v. GENERAL INV. CORPORATION et al.

District Court, S. D. New York.

Nov. 2, 1939.

Javits & Javits, of New York City (Jacob K. Javits and Emanuel Becker, both of New York City, of counsel), for plaintiffs.

Seibert & Riggs, of New York City, for defendants Seagrave and Glines.

Mudge, Stern, Williams & Tucker, of New York City, for defendants Amerex, Trinway and Hines.

Milbank, Tweed & Hope, of New York City, for defendants Chase Nat. Bank and The Chase Bank.

Parker & Duryee, of New York City, for defendant Devendorf.

Satterlee & Canfield, of New York City, for defendant American General Corporation.

Sullivan & Cromwell, of New York City, for defendants Woods, Addinsell, Granbery, Wheaton and Crispell.

CONGER, District Judge.

Arthur L. Cole and Milford H. Whitehill apply for leave to intervene in this action as parties plaintiffs.

This is a stockholders derivative action brought in May, 1937, by the two present plaintiffs, Walter K. Bachrach and Frank A. Woodhead, for the benefit of the General Investment Corporation against certain of its former officers and directors, individuals and corporations associated with them, for an accounting for assets diverted and dissipated.

█ The basis for the application is a statement by plaintiffs' counsel that there is considerable doubt whether the plaintiffs will be able to prove ownership of shares of stock of the General Investment Corporation continuously from September 13, 1929, the date that the corporation engaged in its first transaction. Such continuous ownership of stock is a requirement under Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Otherwise, recovery may only be had from the time of the acquisition of the stock. (Bachrach acquired his stock after June 1st, 1930.) So it is claimed that the applicants are stockholders who owned the necessary stock from the very inception of the claimed wrongful transactions.

The obvious purpose of this application is to forestall such technical defenses which may be raised from lack of ownership of stock by the present plaintiffs. All the defendants have joined hands in opposing this application. The grounds urged in opposition are numerous, but primarily they may be said to be:

1. That intervention is a matter of discretion and not one of right as claimed by the proposed intervenors under Rule 24 (a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. followfing section 723c.

2. The applicants have failed to comply with Rule 23 (b) of the Federal Rules of Civil Procedure which requires the making of a demand upon the officers and directors as a condition precedent to suit (or intervention).

3. That the intervention should be denied since the corporation has instituted a suit for the benefit of all stockholders.

4. The applicants have not complied with Rule 24 (c) of the Federal Rules of Civil Procedure in that a proposed pleading must accompany the application to intervene.

5. That heretofore the defendant corporation moved for leave to file a cross-claim. The grounds urged among others was that a cross-claim will anticipate technical defenses. That application was denied by an order of this court. That the present application is merely a circumvention of the other application and should in the interest of consistency be denied.

█ To specifically discuss each ground urged would unduly prolong this opinion in view of the fact that the court feels, after a careful study of the surrounding facts and circumstances in this case, that this application should be denied as a matter of discretion.

█ The background of this allegation shows that several actions involving the same subject matter are now pending both in the state and federal courts. The interests of the stockholders, which is the court's paramount concern, appears to be amply protected. The other suits involve the same subject matter and whatever advantage may be gained by any particular applicant must of necessity inure to the benefit of all others similarly situated. Notably the suit by the corporation itself as plaintiff will·protect not only the interests of the applicants, but as I have previously stated, all other stockholders similarly situated. In Tachna v. Insurance Corporation of Deleware, D.C., 25 F.Supp.

541, it was held that an application for intervention in a stockholders suit will be denied where a similar action brought by the corporation itself has been instituted in another forum.

The decisions cited by the applicants with regard to the necessity of demand as a condition precedent to intervention are state court decisions. In the federal courts, the rules governing stockholders actions and intervention differ from similar actions in the state courts. I think it is properly urged that under our decisions and under the new Federal Rules of Civil Procedure, not only is a demand necessary prior to intervention with the same force as if the intervention was an independent suit, but under the present rules the application to intervene is defective if unaccompanied by a proposed pleading. Such proposed pleading is absent in the instant case.

So upon these grounds and upon the undue delay in making this application short of the trial itself which is scheduled for October of this year, the court is constrained to deny the application as a matter of discretion.

Submit order on notice.