484

## BALTIMORE TRUST CO. v. INTER-OCEAN OIL CO.

### No. 2055.

District Court, D. Maryland.

Nov. 14, 1939.

Theo. R. Dankmeyer and John W. Cable, III, both of Baltimore, Md., for intervenor Jos. S. Hoffman.

J. Cookman Boyd and G. Ridgely Sappington, both of Baltimore, Md., for Special Master Jos. P. Connor.

Hunter H. Moss, and Venable, Baetjer & Howard, all of Baltimore, Md., for objecting bondholder.

Carlyle Barton and Karl F. Steinman, both of Baltimore, Md., for American Trading & Production Co.

CHESNUT, District Judge.

The present question to be decided is whether Joseph S. Hoffman, alleged holder of a one thousand dollar bond of the Interocean Oil Company, should be permitted to intervene in the case for the purpose of taking an appeal from the order and decree of this court dated September 25, 1939, which refused confirmation of public sale of property of the Interocean Oil Company to the American Trading and Production Corporation for $100,000, and confirmed a sale to the Richfield Oil Corporation for $230,000.

The petition for intervention was filed November 2, 1939. Answers to the petition opposing permission for intervention have been filed by Joseph P. Connor as special master in the case who made the sale, and by Margaret E. Niles, another bondholder. The answers object to the allowance of intervention on the grounds that the petition therefor has not been "timely" filed; and also that in reality the petition is substantially filed in aid of the American Trading and Production Corporation (which has taken an appeal from the order and decree of September 25, 1939) more than in the direct interest of the petitioner for intervention.

■■ At the hearing on the petition and answers thereto no testimony was submitted but only argument of counsel. The petitioner, Joseph S. Hoffman, was not personally in court although represented by counsel. As his ownership of a $1,000 bond is not admitted in the answers and as he has submitted no proof of ownership other than affidavit to his petition, it would not be properly in order to grant the petition without such proof. But apart from this, I have reached the conclusion, after some consideration of arguments of counsel, that the petition should be denied because it was not "timely filed". Rule 24 of Federal Rules of Civil Procedure, 28 U.S.C.A. fol-

lowing section 723c, provides for intervention both of right and permissive but only "upon timely application". Here the petition was not filed "timely" as it comes five weeks after the decree and after appeal therefrom has been taken by the American Trading and Production Corporation; and is professedly filed only for the purpose of taking an appeal from that decree.

The nature of the case and the circumstances with regard to the public sale at which the American Trading and Production Corporation was the highest bidder in the amount of $100,000, and the exceptions thereto, were stated in an opinion of this court filed September 16, 1939, and reported in 29 F.Supp. 269. It was therein stated in conclusion that the sale to the American Trading and Production Corporation should not be confirmed; but that the bidding should be re-opened and the bid of the Richfield Oil Corporation of $155,000 should be considered, with leave to the purchaser at the sale, the American Trading and Production Corporation, and others who may be interested to submit their bids for the property. The opinion was filed after a hearing on September 14, 1939 of which notice was duly given. Pursuant to the opinion and after notice to counsel appearing at the hearing of September 14th, a further hearing was held on September 22, 1939, at which time further bids were invited from the American Trading and Production Corporation and the Richfield Oil Corporation and any other person who desired to bid. The American Trading and Production Corporation submitted no further bid but Mr. Joseph S. Blaustein, its president, personally submitted further bids and the final result was that the highest bid was that of the Richfield Oil Corporation for $230,000, and the subsequent decree of September 25, 1939 confirmed the same to the latter at that figure. The purchaser has paid for the property and received a deed for it, and has taken possession.

While I am reluctant to exercise a discretion in refusing the petition for intervention which may seem to limit or restrict in any way the full opportunity for appeal as to any aspect of the decree of September 25, 1939, I have concluded that in the particular case it is my duty to deny this petition. Petitions for intervention after a decree are very unusual and are seldom granted. United States v. Northern Securities Co., C.C., 128 F. 808; Cincinnati, I. & W. R. Co. v. Indianapolis Union R. Co., 6 Cir., 279 F. 356. In a very similar case in this circuit leave to intervene was denied to an individual bondholder who desired to be made a party so that he could appeal from a prior decree. In that case the holding was placed particularly on the ground that the bondholder was represented in the proceeding by a mortgage trustee who had elected not to appeal. Fink v. Bay Shore Terminal Co., 4 Cir., 144 F. 837, affirmed, 203 U.S. 577, 27 S. Ct. 777, 51 L.Ed. 325. See also Stallings v. Conn, 5 Cir., 74 F.2d 189; Palmer v. Bankers' Trust Co., 8 Cir., 12 F.2d 747; Caldwell v. Guardian Trust Co., 8 Cir., 26 F. 2d 218; United States v. California Co-operative Canneries, 279 U.S. 553, 556, 49 S.Ct. 423, 73 L.Ed. 838; Rheinberger v. Security Life Ins. Co., 7 Cir., 72 F.2d 147.

In the instant case it appears from the former proceedings in the case, which was originally instituted in 1932, that the corporate trustee for the bondholders has not been very active in the litigation and I would not be disposed to deny the petition for intervention merely on the ground that the bondholder was represented by the trustee. However, all the bondholders in this case have had ample notice from time to time within the last two years at least of the status of the case and the view of the court that, on account of the long pendency of the case, it should be brought to a final conclusion. The total outstanding bonds amount to $1,850,000 and the present alleged bondholder holds only one bond. The sale that has now been confirmed to the Richfield Oil Corporation for $230,000 is evidently satisfactory to the other bondholders because no objection thereto has been made by any bondholder. In view of the prior history of the case it is evidently regarded as a satisfactory sale. At the hearing on this petition for intervention counsel gave no assurance that if the decree should be reversed and another public sale ordered the bids would be in excess of $230,000. As the present petitioner has heretofore taken no active interest in the case, it is now too late for him to intervene and seek to upset a sale regarded by others as satisfactory.

The point that the present bondholder desires to make on appeal is that the sale to the Richfield Oil Corporation should be set aside because it is contended that after refusing to confirm the sale to the American Trading and Production Corporation for $100,000 another public sale should have been held after advertisement and that it was irregular to reopen the bid-

ding in court and make a sale to the highest bidder without another public sale. The particular procedure was at least incidentally referred to or discussed in the opinion heretofore referred to. And in view of the pending appeal in the case further comment would possibly be inappropriate. If the American Trading and Production Corporation is right in its contention on appeal that the sale to it should have been confirmed, it needs no aid on the appeal from the petitioner, whose real interest seems to be opposed to that of the American Trading and Production Corporation.