502

## MULLINS v. DE SOTO SECURITIES CO., Inc., et al. (HARDEE et al., Interveners).

### Civil Action No. 257.

District Court, W. D. Louisiana,
Shreveport Division.

Sept. 21, 1942.

Eugene A. Nabors, of New Orleans, and Aubrey M. Pyburn (of firm Pyburn & Py-

burn), of Shreveport, La., for applicants to intervene as plaintiffs.

Clyde R. Brown (of firm Shotwell & Brown) of Monroe, La., and L. E. Colvin, of Mansfield, La., for defendants.

PORTERIE, District Judge.

In this secondary action by a shareholder, originally filed in January of 1940 and finally disposed by our opinion, dated July 6, 1942, 45 F.Supp. 871, sustaining the defendants' motion to dismiss, there comes now for attention and disposition the applications for leave to intervene (filed whilst motion for rehearing by plaintiff is pending, having been submitted orally and on brief) of T. W. Hardee, Sr., Mrs. Mabel C. Williams, and Willis Williams, Jr., also owners of preferred stock like the original plaintiff. The defendants have objected to this application and the matter has received oral and written consideration.

We think it is important to note that we have fully considered the motion for a rehearing filed by plaintiff, and it is our deliberate view that the motion should be overruled.

Now, as to the motions to intervene: We should compare the cause of action of the plaintiff to the cause of action of the applicants for intervention. The similarities are that (a) each is the holder and owner of preferred stock, that (b) each complains of the same general offenses and mismanagement (granting for the sake of argument that intervenors may adopt bodily and by reference the complaint of plaintiff, or without the necessity of drafting their own detailed separate complaint—which, however, later in this opinion is held not permissible). The differences are that (a) the plaintiff, under the opinion, cannot complain of alleged offenses and mismanagement previous to the date of acquisition of her stock, to-wit, August 27, 1935, whilst the applicants claim to be able to go back to June 25, 1929, their date of acquisition—which is the date of the original issuance of preferred stock; and that (b) the plaintiff made previous demand "to secure from the managing directors or trustees * * * such action as he desires" (Rule 23(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c), whilst the applicants for intervention have never made such demand.

The solution to the question is to be found in Rule 24, Rules of Civil Procedure, "Intervention". It has two main divi-

sions: (a) Intervention of Right, and (b) Permissive Intervention; and, under the respective divisions of this opinion, we quote the applicable parts for ready reference.

### Intervention of Right (Rule 24(a)

"Upon timely application anyone shall be permitted to intervene in an action: * * * (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action; or (3) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof."

Is it "upon timely application" that the applicants come? The plaintiff's case is dismissed in a lengthy, and what we think is a well-considered, written opinion, and, more, as we have already said, with the motion for a rehearing to be denied. Plaintiff's case, mentally and practically, is out of this court—there is nothing to which the applicants for intervention may attach their complaint.

For two and one-half years the applicants, residents of Mansfield, Louisiana, or its immediate vicinity, the situs of all these supposedly wrongful corporate actions, failed to appear in the original suit and then, when they do appear, it is at this very late juncture. We do admit that in October, 1940, the court in a "Judgment on Motions" overruled the motion to dismiss, which subsequently, on rehearing and after consideration of interrogatories and answers, was sustained; but the record discloses that as early as December 6, 1940, these applicants were placed on notice in language indicative that the previous "Judgment on Motions" was of little value:

### "Order of the Court on Motions

"Motion for re-hearing on the motion to dismiss, together with motions to strike and motions for more definite statement, having come on for argument before the Court, the Court now orders:

"1st: That argument and judgment on all of said matters be reserved and held in suspense, without prejudice to the rights of any of the parties, *pending the answers by defendants to the interrogatories annexed to the plaintiff's petition.*

"2nd: The defendants are allowed thirty (30) days from this date to object to the interrogatories as having been improperly directed; and four (4) months from date hereof is allowed to make answer to the interrogatories, in case first above objection to be made shall be overruled and denied." (Emphasis ours)

So, the intervenors had no real cause to rely after December 6, 1940, on the "Judgment on Motions."

Frankly, in the exercise of our delegated discretion, even if there were grounds for an intervention of right, we do not believe the motion to intervene is "upon timely application." "Courts are unanimous in requiring prompt action on the part of an intervenor who seeks to assert rights in a suit to which he is not a party." United States v. Columbia Gas & Electric Corporation, D.C., 27 F.Supp. 116, 119. "The rule is silent as to what constitutes timely application and the question must therefore be answered in each case by the exercise of sound discretion by the trial court." Simms v. Andrews, 10 Cir., 118 F.2d 803, 806. See, also, Tachna v. Insuranshares Corporation of Delaware, D.C., 25 F.Supp. 541; White v. Hanson, 10 Cir., 126 F.2d 559; American Brake Shoe & Foundry Co. v. Interborough R. T. Co., 2 Cir., 112 F.2d 669.

We cannot grant the intervention of right, and it is denied.

Pretermitting the above finding and ruling, we now ask if the representation of the applicants' interests by the original plaintiff "is or may be inadequate *and* the applicant is or may be bound by a judgment in the action" (emphasis ours), in which case the intervention must be permitted as of right. "Both conditions must be shown to exist" before intervention is authorized. MacDonald v. United States, 9 Cir., 119 F. 2d 821, 827.

As to certain questions, the representation by the plaintiff of applicants' interest is adequate; as to other questions, the applicant is not bound by the judgment in the plaintiff's suit because the issues are substantially and totally dissimilar, due to the contrasts, previously itemized, as to time of acquisition of stock (a handicap of the plaintiff), and the necessity of demand (a handicap of applicants), as required by Rule 23(b). And, because of the dissimilarity of certain issues, it follows that applicants will not be bound by a judgment as to these in the action of plaintiff. "The question of adequacy of representation does not arise unless the applicant is represented

"in the action." United States v. Columbia Gas & Electric Corporation, D.C., 27 F. Supp. 116, 119; Owen v. Paramount Productions, D.C., 41 F.Supp. 557, 561, headnote 12, 13.

There is the further point that applicants have never made demand for action upon the managing directors or trustees, etc., of the Corporation. "In the federal courts, the rules governing stockholders actions and intervention differ from similar actions in the state courts. I think it is properly urged that under our decisions and under the new Federal Rules of Civil Procedure, *not only is a demand necessary prior to intervention with the same force as if the intervention was an independent suit,* but under the present rules the application to intervene is defective if unaccompanied by a proposed pleading. Such proposed pleading is absent in the instant case." (Italics supplied) Bachrach v. General Inv. Corporation, D.C., 29 F. Supp. 966, 968.

But disregarding the above requirement, it is patent that applicants have a new case, and to join them with the plaintiff would inject new issues, necessitating a constant attempt at the separation of the two actions and unfailingly resulting in the inextricable complication of issues.

We should now consider the particular items, advanced in brief by counsel for the applicants, upon which the applicants allegedly would be bound by the judgment rendered on the original claim:

(a) The applicants would be precluded as to the transactions of the Corporation subsequent to August 27, 1935. We find no value to this point, because most of these transactions (in substantially large amounts) were continuations and fulfillment of agreements entered into before the above date, and therefore on the findings of these issues the applicants are not bound; and because, as to alleged rent overcharge, excessive attorneys fees, excessive clerical and auditing expenses (in very small amounts), applicants' interest was fully and adequately represented, and therefore on the findings of these issues the applicants are bound.

(b) The applicants could not hold the F. D. I. C. responsible. We agree with the contention made by the applicants that they will be bound by this part of the judgment in plaintiff's case, the principal reason for this being that the F. D. I. C.

did not become a part of the financial drama until October of 1936, more than a year after the date of acquisition by plaintiff of her stock. However, we consider the interest of the applying intervenors and of the plaintiff to be identical, and we find that the representation by the plaintiff on this phase of the case was full and very adequate. Accordingly, it follows that intervention on this point must be denied. MacDonald v. United States, 9 Cir., 119 F.2d 821, 827.

We are fallible; suppose the law should be that the demand by plaintiff on the Corporation inures to the benefit of applicants, in which case all transactions from the time of original issuance of stock would enter the evidential picture of applicants' case. We should then say that plaintiff's case is not definitive of applicants' case. We reach the same denial of the intervention, however, but on the ground of the present judgment not being binding on applicants.

(c) The applicants would be bound as to the particular item of $16,225.22. As held in our opinion, this is a continuation or consummation of a transaction and obligation of date earlier than August 27, 1935, and judgment in plaintiff's case would not be binding on the applicants.

Permissive Intervention (Rule 24(b)

"Upon timely application anyone may be permitted to intervene in an action: * * * (2) when an applicant's claim or defense and the main action have a question of law or fact in common. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

Under this heading of the Rules, we hold as before, and for the same reasons, supported by the same cases, that the application of the intervenors is not timely. This suffices to deny the application under this heading. The discretion of the court is greater under this subdivision: "Permissive intervention is within the discretion of the district judge, and can be reviewed only for abuse. Palmer v. Guaranty Trust Company, 2 Cir., 111 F.2d 115." American Brake Shoe & Foundry Co. v. Interborough R. T. Co., 2 Cir., 112 F.2d 669, 670.

For the sake of argument, however, and to insure that all issues before the appellate court were ruled upon by the lower

506

court, we ask if the applicants' claim and the main action have a question of law or fact in common.

■ We believe that the basis of the opinion sustaining the motion to dismiss plaintiff's action is that plaintiff acquired her stock after all of the alleged wrongs were committed. The decree is that she is not entitled to any relief whatsoever. Accordingly, the owners of preferred stock now seeking to intervene, who acquired their stock before plaintiff did, are necessarily of another class. We do not think that their rights as to previous transactions will have been touched by the judgment already rendered. The right they have, if any, is a right born prior and in continued existence to the time that plaintiff acquired her stock. It follows that plaintiff cannot represent them because the two claims have not a question of law or fact in common, and consequently that this intervention should not be permitted.

■ There have been cases on this subject of intervention which show that there are particular classes, clearly divisible one from the other, within the general class. In the case of Weeks v. Bareco Oil Co., 7 Cir., 125 F.2d 84, at page 91 thereof, it is said: "In other words, there can be a class suit for a group, notwithstanding some members, whose interest conflicts with that of the class for whom suit is brought, for those with conflicting interests are not bound by the judgment in the class action. This is on the theory that they are not members of the class. The class suit, although binding on all members for whom the suitors may speak, is not binding upon those whose interests are at variance with the position taken by the true members of the class." See, also, Hansberry v. Lee, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22, 132 A.L.R. 741.

We grant that in the plaintiff's case and in the applicants' case the "gist of the action is the alleged damage from the alleged wrongful acts of the defendants." 125 F. 2d 91. The acts of the defendants, presumably in violation of the law, are the common issue. However, since we have dismissed the cause of action of the original plaintiff and intend to deny her motion for a rehearing, how can we logically permit the present applicants for intervention to tie their cause of action to nothingness? Also, we recognize that the intervenors have an entirely different cause

of action because of the rules of procedural and substantive law—which may give them a case, as previously outlined; but under and because of the same rules, there is not a case with the original plaintiff, as previously decided.

So, conclusively, there is no question of law or fact in common to the two actions which is of a legally decisive character such as to warrant a merger of the two actions, though there be the fundamental common origin of action just stated.

■ Moreover, to permit the intervention sought by the applicants here, additionally, "will unduly delay or prejudice the adjudication of the rights of the original parties." See Western States Mach. Co. v. S. S. Hepworth Co., D.C., 2 F.R.D. 145, 146; In re Willacy County Water Control & Imp. Dist. No. 1, D.C., 36 F. Supp. 36, 38; Baltimore Trust Co. v. Interocean Oil Co., D.C., 30 F.Supp. 484.

After this study of intervention in this particular type or class action, we are impressed with the controlling and influencing effect of the *personal* status of the stockholder, for after all in this opinion we are saying that one particular owner of preferred stock has no cause of action at all and the other owner of preferred stock has or might have a cause of action; we are saying that the plea of res judicata would not hold against the separate action of the latter, to follow the adjudged issue of the former—and all of this is because of the time of acquisition of the stock by the respective owners. This is so because of Rule 23(b), with its several equitable requirements.

■ Moreover, this general discussion should show by now that applicants make quite a more extended cause of action than the original plaintiff presented; and in the case of Leaver v. K. & L. Box & Lumber Co., D.C., 6 F.2d 666, 667, we find this language: "It is apparent that, the right to become a party to the litigation being given, the range of activity of the newcomer in the prosecution or defense of the interest he is thus permitted to assert must necessarily be as extensive as, *but no greater than,* that allowed the original parties to the suit." (Italics supplied)

■ Before closing the opinion we now refer to a further and additional infirmity of the application, alluded to previously. A part of the language of Rule 24(c) is: "The motion shall state the grounds there-

for and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought." In the "Motion to Intervene as Plaintiffs", the applicants state: "That applicants adopt the allegations and prayers contained in the petition, as amended, and the motions filed by plaintiff." There is no distinct pleading setting forth the claim for which intervention is sought. This is another good and separate reason to deny the intervention. Miami County Nat. Bank of Paola, Kan., v. Bancroft, 10 Cir., 121 F.2d 921. And, in the case of Bachrach v. General Inv. Corporation, D.C., 29 F.Supp. 966, 967, we have:

"* * * So it is claimed that the applicants are stockholders who owned the necessary stock from the very inception of the claimed wrongful transactions.

"The obvious purpose of this application is to forestall such technical defenses which may be raised from lack of ownership of stock by the present plaintiffs. All the defendants have joined hands in opposing this application.

"* * * But under the present rules the application to intervene is defective if unaccompanied by a proposed pleading. Such proposed pleading is absent in the instant case."

So, for any or all of the above reasons, the applications to intervene under Rule 24(a), Intervention of Right, and Rule 24(b), Permissive Intervention, must be denied; and judgment in accordance will be signed upon presentation.