**MULLINS et al. v. DE SOTO SECURITIES CO., Inc., et al.**

**No. 10497.**

Circuit Court of Appeals, Fifth Circuit.

June 4, 1943.

Rehearing Denied June 29, 1943.

Aubrey M. Pyburn, of Shreveport, La., for appellants.

Clyde R. Brown, of Monroe, La., and Lamar E. Colvin, of Mansfield, La., for appellees.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

Filed in the state court by a holder of preferred stock in DeSoto Securities Company, Inc., the petition, thirty printed pages

---

long, containing seventy-eight numbered paragraphs, purported to set forth a claim to redress injuries suffered by the corporation. Removed to the federal court, there were interrogatories propounded to the defendants, a motion to dismiss "because the complaint fails to state a claim upon which relief can be granted", a motion to strike, and a motion to make definite, followed by an amendment setting out the manner in which plaintiff had acquired her shares. These motions were denied.

Thereafter, answers to the interrogatories having been filed, a rehearing on the motion to dismiss was allowed, and the district judge, holding that the answers to the interrogatories could be considered by the court in determining the motion to dismiss, concluded that the motion as to each of the defendants was well taken and ordered a dismissal. D.C., 45 F.Supp. 871. The opinion accompanying this order is quite lengthy. Setting out the substance of the answers to the interrogatories, it then proceeds to hold that ownership of stock by the plaintiff at the time of the transaction under attack was an essential to the maintenance of the action and that the answers to the interrogatories showed the absence of this essential. Basing his order on this ground and on a finding that there had been laches, the court sustained the motion to dismiss.

■ Other preferred stockholders thereafter sought to intervene, and their intervention was denied. Plaintiff is here appealing from the order of dismissal, and intervenors are here appealing from the order denying their petition to intervene. D.C., 2 F.R.D. 502. We may dispose quite shortly of the intervenors' appeal by saying that the order denying them leave to intervene after the suit had been dismissed was permissive and discretionary and not appealable,[1] and their appeal must be dismissed.

■■ As to plaintiff's appeal, the matter stands quite differently. What, and all, that was before the district judge on the motion to dismiss was the case as plaintiff's petition had alleged it. These allegations, except as to the Federal Deposit Insurance Corporation, individually, alleged a case which if proven would have entitled plaintiff to some relief. For assuming that the district judge was right in his holding that ownership of the stock at the time the matters complained of occurred is an essential to the maintenance of plaintiff's suit, it cannot be said from an inspection of plaintiff's petition as amended that plaintiff was not the owner of the stock at the time when at least some of the matters complained of occurred. Without, therefore, undertaking to determine whether, as appellees claimed and the district judge held, the rule set out in Rule 23(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, applies to a suit brought in the state and removed to the federal court, or whether, as claimed by appellees, it does not, the judgment will be affirmed as to Federal Deposit Insurance Corporation, individually, and reversed as to all other appellees, and the cause remanded for further and not inconsistent proceedings.

---

[1] Ex parte Cutting, 94 U.S. 14, 24 L. Ed. 49; Stallings v. Conn, 5 Cir., 74 F. 2d 189; Vertner v. Vertner, 63 App.D. C. 179, 70 F.2d 783; Aiken v. Cornell, 5 Cir., 90 F.2d 567; Farmers & Merchants Bank v. Arizona, 9 Cir., 220 F. 1; Radford Iron Co. v. Appalachian Elec. Co., 4 Cir., 62 F.2d 940; Bethlehem Steel Co. v. International, 2 Cir., 68 F.2d 952.