**INTERBOROUGH RAPID TRANSIT COMPANY, Plaintiff-Respondent, v. John F. GILCHRIST, Leon G. Godley, and Charles C. Lockwood, Constituting the Transit Commission, the Same Being the Metropolitan Division of the Department of Public Service of the State of New York, the Manhattan Railway Company, and the City of New York, Defendants; John F. Gilchrist, Leon G. Godley, and Charles C. Lockwood, Constituting the Transit Commission, the Same Being the Metropolitan Division of the Department of Public Service of the State of New York, and the City of New York, Defendants-Appellants.**

Circuit Court of Appeals, Second Circuit.
June 3, 1929.

No. 74.

James L. Quackenbush, of New York City (William L. Ransom, Jacob H. Goetz, Allen S. Hubbard, Robert E. Coulson, and Charles E. Hughes, Jr., all of New York City, of counsel), for Interborough Rapid Transit Co.

Arthur J. W. Hilly, Corp. Counsel, of New York City (Edgar J. Kohler, Joseph A. Devery, and Charles L. Craig, all of New York City, of counsel), for City of New York.

George H. Stover, Gen. Counsel, of New York City (Samuel Untermyer, Irwin Untermyer, and Charles Dickerman Williams, all of New York City, of counsel), for Transit Commission.

Murray, Aldrich & Roberts, of New York City, for Manhattan Ry. Co.

Before MANTON, SWAN, and CHASE, Circuit Judges.

PER CURIAM. The original bill filed in the District Court set forth five separate causes of action for seeking relief, claiming a confiscation of property in violation of the Fourteenth Amendment of the Constitution. The first cause of action dealt with legislative limitations upon the rate of fare chargeable upon the appellee's elevated lines, particularly chapter 743 of the Laws of 1894, which prescribe a 5-cent fare for elevated railroads operated by the appellee. The second dealt with the rate provision in the elevated railroad extension certificate of March 19, 1913, granted to the appellee, and the steps taken by the appellee in conformity with and in pursuance of the Public Service Commission Law to establish an increase in the fare chargeable on the elevated lines. The third dealt with the legislative limitations upon the rate of fare chargeable on the subway division of the rapid transit railroads, and with the rate provision of contract No. 3 of March 9, 1913, and similar steps taken by the appellee to establish the increase in the fare chargeable on the subway division. It dealt also with the orders and proceedings of the Transit Commission to require the appellee to construct extensions to the subway platforms and provide a large number of additional cars for subway operation, and

with the action of the transit commission and the city of New York to introduce competition with the appellee, as an impairment of the benefits of the contract made with the appellee in 1913. The fourth dealt with the subject-matters as they apply to the subway division and the Manhattan Division considered as a unified operation. The fifth dealt, not only with the matters alleged in the first four causes of action, but also acts and threatened acts of the appellants to deter the appellee from obtaining an adjudication of its rights.

Three suits in the state court, which were enjoined and stayed by the order appealed from, asked as relief that the plaintiff be required to transport passengers on its lines at a fare of 5 cents and be enjoined from charging or collecting a 7-cent fare or a fare in excess of 5 cents. The order appealed from "enjoined and restrained from further prosecution, or causing, procuring or suffering to be further prosecuted, in any respect or manner, the actions and proceedings, or the suits, in the Supreme Court of the state of New York, New York county, entitled, to wit: 'Transit Commission, Being the Metropolitan Division of the Department of Public Service, Petitioner, against Interborough Rapid Transit Company, Defendant; the City of New York, Acting by the Transit Commission—Metropolitan Division, Department of Public Service of the State of New York, Plaintiff, against Interborough Rapid Transit Company, Defendant; and the City of New York, Plaintiff, against Interborough Rapid Transit Company, Defendant;' from bringing or prosecuting, or causing, procuring, or suffering to be further prosecuted, any similar action, proceeding, or any other suit involving the subject-matter of the original action commenced by the plaintiff herein on February 14, 1928; from taking any action or proceeding under or by virtue or in pursuance of the said orders to show cause and the said temporary restraining orders granted in the said summary proceeding and actions; from procuring or permitting the said orders to show cause, temporary restraining orders or other process in the said summary proceeding or process to continue in force or effect; from in any wise interfering with the prosecution of the original action herein; or from obstructing or impairing the administration and jurisdiction of this federal court in the original action herein, or from interfering with the res brought into this court."

These suits did not concern the further relief as to extensions of platforms and additional cars and requirements dealt with in the third cause of action in the original bill in the District Court or the alleged injurious and unlawful competition.

In view of the reversal of the interlocutory injunction granted by the District Court, composed of three judges, by the Supreme Court of the United States (Gilchrist v. Interborough Rapid Transit Co., 49 S. Ct. 283, 73 L. Ed. —— (April 8, 1929), and the decision of that court, it is clear that the three state court suits should no longer be stayed, and the order must be reversed, leaving the parties free to proceed in the prosecution of those suits in the state court. Moreover, since it appears that this ancillary bill, filed in the District Court, was intended to protect the jurisdiction of the District Court, in so far only as these suits were concerned, the application of the appellants to dismiss this bill will be granted. Such dismissal will be without prejudice to the right of the appellee to take such action as may be warranted in protecting the jurisdiction of the original suit, should that be retained by the District Court, and occasion arise requiring protection by ancillary suit.

The order appealed from is reversed, with directions to the District Court to dismiss the bill.