## AMERICAN BRAKE SHOE & FOUNDRY CO. v. INTERBOROUGH RAPID TRANSIT CO.

## BANKERS TRUST CO. v. SAME.
### Petition of SALOMON.
### No. 402.

Circuit Court of Appeals, Second Circuit.
June 10, 1940.

Solomon G. Salomon, pro se, appellant.

Jesse E. Waid, White & Case, Louis Boehm, Davis, Polk, Wardwell, Gardiner & Reed, Davies, Auerbach, Cornell & Hardy, Shearman & Sterling, Miller, Owen, Otis & Bailly, Wright, Gordon, Zachry & Parlin, and Charles Franklin, all of New York City, for appellees.

Before SWAN, CHASE, and CLARK, Circuit Judges.

PER CURIAM.

The appellant and his wife own one bond ($1,000 par value) of the Interborough First and Refunding 5% Mortgage Bonds; $2,000 (par value) of Interborough 6% Notes; and 100 shares of Manhattan Railway Company guaranteed stock. They also own $47,000 (par value) of Manhattan First Mortgage Bonds and $4,000 (par

value) of Manhattan Second Mortgage Bonds. By petition verified September 27, 1939, the appellant applied for leave to intervene in the Interborough receivership and in the foreclosure action of Bankers Trust Company in order that he may contest the validity of Interborough 5% bonds that were pledged as collateral for Interborough 7% Notes in 1922. His contention is that he is entitled to intervention as of right under Rule 24(a) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, or, in any event, should have been granted permissive intervention under paragraph (b) of Rule 24.

The receivership litigation has been going on since 1932 and the foreclosure action was commenced in 1935. The appellant has taken an active part in court hearings and has been familiar with the situation for years. His application to intervene in September, 1939, can scarcely be deemed timely unless the asserted incompetence or faithlessness of parties representing his interests were recently discovered. This is not the case. He asserted their incompetence and faithlessness at least as early as July 1938 in respect to the very issue he now wishes to raise, namely, the invalidity of the pledged bonds. Instead of acting promptly, he postponed intervention until a plan for settlement of the Interborough's affairs had been drawn up on the assumption that no party to the proceedings was attacking the validity of the pledged bonds. Under these circumstances his application to intervene was not timely and his rights under Rule 24(a), if any he had, have lapsed. See United States v. Columbia Gas & Electric Corp., D.C.Del., 27 F.Supp. 116; Baltimore Trust Co. v. Interocean Oil Co., D.C.Md., 30 F. Supp. 484. It is true that in those cases final decrees had been entered prior to presentation of the petition for intervention; but there is no intimation in the opinions that the Rule should be construed to mean that a petition is "timely" whenever it is made before entry of a final decree. Permissive intervention is within the discretion of the district judge, and can be reviewed only for abuse. , Palmer v. Guaranty Trust Company, 2 Cir., 111 F.2d 115. There was no abuse of discretion.

The appellant acquired his Interborough 5% bond "after 1922". Therefore, the appellees' contention may well be sound that he was chargeable with notice of the previous issue of the pledged bonds and could

not attack their validity, even if his application to intervene were timely. See Continental Trust Co. v. Toledo R. R. Co., C.C.Ohio, 82 F. 642, certiorari denied, 176 U.S. 219, 683, 20 S.Ct. 383, 1031, 44 L.Ed. 442; Belden v. Burke, 147 N.Y. 542, 42 N. E. 261. It is, however, unnecessary to decide this question. The grounds previously discussed require affirmance of the order.