AMERICAN BRAKE SHOE & FOUNDRY CO. v. INTERBOROUGH RAPID TRANSIT CO.

MANHATTAN RY. CO. et al. v. CITY OF NEW YORK et al.

District Court, S. D. New York.

May 31, 1945.

850

Charles Franklin, of New York City for Manhattan Ry. Co. and pro se.

Ignatius M. Wilkinson, Corp. Counsel, of New York City, for the City of New York.

Hodges, Reavis, Pantaleoni & Downey, of New York City, for Charles Franklin and others.

John B. Doyle, of New York City, for Harold Palmer and others.

Duer, Taylor, Wright & Woods, of New York City, for Theodore S. Watson and others.

Davies, Auerbach, Cornell & Hardy, of New York City, for Chemical Bank & Trust Company.

HULBERT, District Judge.

The petitioners, Manhattan Railway Company and Charles Franklin, seek to impress a lien on alleged existing reserve funds created by the stockholders of Manhattan Railway Company, for legal services rendered to it and its stockholders by Franklin, in the amount of $310,000, or in the alternative, in an amount to be fixed and determined by this court, as the reasonable value thereof.

Petitioners also seek to impress a similar lien on unmortgaged real estate and other assets formerly belonging to the Manhattan Railway Company, which were turned over to the City of New York pursuant to the Interborough and Manhattan Transit Systems Unification Plan, and also on the retained assets of the Manhattan Railway Company.

An answer in support of the petition has been filed by an Assenting Committee for the Guaranteed 7% Stock of Manhattan Railway Company.

The City of New York, through its Corporation Counsel, has made a cross motion for an order dismissing the petition, asserting:

1. That there are not sufficient facts set forth upon which the relief sought may be given, and

2. That the same issues between the parties contained in the present petition, have heretofore been adjudicated on the merits.

The historical background of the Interborough-Manhattan Receivership has been described in detail in prior opinions of the United States Courts [1] and need not be here repeated.

It has heretofore been determined that the petitioner Charles Franklin, has received compensation for legal services under the Plan of Unification (See Manhattan Ry. Co. et al. v. City of New York et al., 2 Cir., 144 F.2d 571). If he has a valid claim at all against the stockholders of Manhattan Railway Company, they are not before the court on this application, and the court feels that it is restricted to the adjudication of such liability, if any, as the Unification Plan imposes upon the City of New York, or property in which the City has acquired a beneficial interest thereunder, and careful examination and analysis of the Unification Agreement fails to disclose any liability for any further sum claimed by Mr. Franklin for services rendered to the stockholders of the Manhattan Railway Company for which the City of New York is liable, even though the City acquired not the stock of

[1] Interborough R. T. Co. v. Gilchrist, 2 Cir., 32 F.2d 1015; American Brake Shoe & Foundry Co. v. Interborough R. T. Co., 2 Cir., 76 F.2d 1002; certiorari denied City of New York v. Murray, 295 U.S. 760, 55 S.Ct. 923, 79 L.Ed. 1702; American Brake Shoe & Foundry Co. v. Interborough R. T. Co., 2 Cir., 98 F.2d 72; Manhattan R. Co. v. Central Hanover Bank, 2 Cir., 99 F.2d 789, certiorari denied Manhattan R. Co. v. Merle-Smith, 306 U.S. 641, 59 S.Ct. 582, 83 L.Ed. 1041; Murray v. Roberts, 2 Cir., 103 F.2d 889; Palmer v. Guaranty Trust Co., 2 Cir., 111 F.2d 115; American Brake Shoe & Foundry Co. v. Interborough R. T. Co., 2 Cir., 112 F.2d 669; American Brake Shoe & F. Co. v. Interborough R. T. Co., 2 Cir., 122 F.2d 454; certiorari denied sub nom, Manheim v. Merle-Smith 315 U.S. 801, 62 S.Ct. 625, 86 L.Ed. 1201; Franklin v. City of New York, 2 Cir., 144 F.2d 571.

the Manhattan Railway Company, but the assets of the Corporation upon the terms and conditions set forth in the Plan of Unification.

Upon that basis, the petitioners seek as alternative relief, the reformation and amendment of the Plan of Unification upon the ground of mistake. But this court deems itself without jurisdiction to entertain that application. If the petitioners can show mistake, their recourse is in an action where equitable relief may be given. The petitioners' application is, therefore, denied, and the cross motion of the City of New York is granted. Settle order on notice.