## KLEIN v. LISS.
Nos. 289–291.

Municipal Court of Appeals for the District of Columbia.

July 27, 1945.

Rehearing Denied Aug. 6, 1945.

Herman Miller, of Washington, D. C., for appellant.

Nathan M. Lubar, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

HOOD, Associate Judge.

This appeal is based on appellant's claim that he was denied the right to intervene in a landlord and tenant proceeding. The proceeding was in the form of three actions by Liss against Rosen for possession of a three-story building. One action sought possession of the first floor; the second action was for possession of the second and third floors; and the third action asked possession of the entire premises. The three actions appear to have been treated as one and will be so considered on this appeal.

Following the filing of the original complaints a stipulation was filed with respect to the three actions. It was thereby agreed that amended complaints should be filed; that verified answers should be filed and trial by jury be demanded; that counsel should endeavor to expedite the hearing; and that the three cases should be consolidated for trial. It was further stipulated that: "The parties agree that Herman Miller may enter an appearance as Amicus Curiae in behalf of the subtenants." The stipulation was signed by counsel for the parties and by Herman Miller as "Amicus Curiae."

An affidavit of defense and demand for jury trial was thereafter filed in each action. About three weeks later, and before any further action of record occurred, a motion entitled, "Motion to set aside dismissal and for intervention," signed by Mr. Miller as "Amicus Curiae Appearing for

Subtenants," was filed. This motion asked "that the voluntary consent judgments now entered, or to be entered herein be set aside," and "that the sub-tenants be made parties hereto, as any judgment to be entered herein affects their rights."

Two days later a. praecipe, signed by counsel for plaintiff and defendant, consenting to entry of judgment for possession, with a stay of execution, was filed.

The cause came on for hearing, apparently on plaintiff's oral motion for judgment and the motion of the amicus curiae previously filed. After extended argument an order was made denying the petition to intervene (apparently this refers to the motion of the amicus curiae) and ordering judgment for possession. From this order Samuel Klein, designating himself as "the attempted intervenor", has appealed.

Klein's name first appears of record in his notice of appeal. It does not appear that he ever made application for leave to intervene in the proceeding. It is true that, in the argument before the trial court, Mr. Miller, at one point, stated that he represented Klein; but at another point he stated he was appearing as amicus curiae; and at a third point he stated he represented "the first sub-tenant and the second sub-tenant," without naming either.

■■■ The only motion of record relating to intervention was that of Miller, as amicus curiae, asking that the subtenants be made parties. But this motion did not name the subtenants or describe their relation to the parties to the action, or even indicate that the subtenants, whoever they were, desired to be made parties. The stipulation and the motion referred to the amicus curiae as appearing for the subtenants, but it should be noted that an amicus curiae does not legally appear for anyone. He is not a party to the action, but is merely a friend of the court whose sole function is to advise, or make suggestions to, the court. City of Winter Haven v. Gillespie, 5 Cir., 84 F.2d 285, certiorari denied, 299 U.S. 606, 57 S.Ct. 232, 81 L.Ed. 447; The Claveresk, 2 Cir., 264 F. 276. Consequently, Klein was not represented by the amicus curiae and cannot complain, as he attempts here to do, that the parties failed to carry out their stipulation with the amicus curiae respecting a trial. Furthermore, an amicus curiae has no right to take over the management or control of the case. In re Perry, 83 Ind.App.

456, 148 N.E. 163; Hamlin v. Perticular Baptist Meeting House, 103 Me. 343, 69 A. 315; Blanchard v. Boston & M. R. R., 86 N.H. 263, 167 A. 158; Barnes v. Lehi City, 74 Utah 321, 279 P. 878. His function is purely advisory, without right to except to rulings of the court or to take an appeal. City and County of Denver v. Denver Tramway Corporation, 8 Cir., 23 F.2d 287, certiorari denied, 278 U.S. 616, 49 S.Ct. 20, 73 L.Ed. 539; Dodd v. Reese, 216 Ind. 449, 24 N.E.2d 995, 128 A.L.R. 574. It is apparent that the amicus curiae misconceived his duties and rights in this case.

In any event the amicus curiae is not a party to this appeal. Klein is here, asserting that the trial court was in error in not permitting him to intervene. But, as said before, the record shows no application by him to intervene. And the record does not show any fact on which intervention could be allowed. From the seventy page stenographic record of the argument before the trial court, we might gather that Klein was a subtenant of the two upper floors of the building which he rented out to tenants or roomers. But if we are to pick the facts out of the argument, we might also find that Klein rented accommodations to twenty-two people on the two floors consisting of five or six rooms and one bath, under circumstances constituting a fire trap, a health hazard and the illegal operation of a rooming house. However, we cannot accept as facts unsupported statements by counsel in the course of an argument, filled with discussion of legal matters and interspersed with charges, counter-charges, criminations and recriminations, as was the argument below.

■■ No claim is made that Klein did not have full knowledge of the proceedings. If he wished to intervene he should have made application of record, supported by allegations of fact upon which he based his claim to such right, whether absolute or permissive. Rule 24(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that one desiring to intervene shall serve a motion to intervene upon all parties affected thereby, which motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought. The trial court in adopting its new rules failed to include a rule similar to Federal Rule 24, but the procedure outlined by the Federal rule is the proper procedure regardless of

rules. He who asserts a right to intervene must make a showing in support of such right, in order to enable the court to determine whether the applicant has the right to intervene, and, if not, whether permissive intervention should be granted. Miami County National Bank v. Bancroft, 10 Cir., 121 F.2d 921; Atlantic Refining Co. v. Port Lobos Petroleum Corporation, D.C.Del., 280 F. 934.

We are unable to find from the record that Klein made application to intervene and, even more important, we are unable to find that he made a showing warranting his intervention.

Appellee asks that we tax as costs against appellant the cost of the stenographic record included in the record here on appeal. Our Rule 41 provides that the cost of the transcript of the record in the trial court shall be a part of the costs on appeal, but it also provides that cost of the transcript shall be taxable in the trial court. If cost of the stenographic record is to be taxed, it must be taxed by the trial court and under its rules.

Affirmed.