In re RUMSEY MFG. CORPORATION.
No. 36448.

United States District Court
W. D. of New York.
April 4, 1949.

94

George L. Grobe, U. S. Attorney, of Buffalo, N. Y. (R. Norman Kirchgraber, Buffalo, N. Y., of counsel), for petitioner.

Albert Averbach, of Seneca Falls, N. Y., for trustee.

KNIGHT, Chief Judge.

Petitioner United States moves for a hearing to review the order of Referee in Bankruptcy, Nelson P. Sanford, restraining the United States and its attorneys from intervening in a civil action pending in the U. S. District Court: Southern District—Eastern Division, of Michigan, entitled: "Rumsey Manufacturing Corporation and Arthur T. McAvoy, Trustee in Bankruptcy of Rumsey Manufacturing Corporation, Plaintiffs, vs. Packard Motor Car Company, Inc.,—Defendant—Civil Action No. 6350."

The original complaint in the Michigan suit, naming only Rumsey Manufacturing Corporation as party plaintiff, was filed January 27, 1947, and states two causes of action. The first alleges that defendant owes plaintiff, * * *, $525,948.31. The second alleges that defendant owes plaintiff for goods sold and delivered "for labor, materials, purchased parts, * * * $525,948.31, * * *."

An order was filed June 11, 1947, permitting plaintiff to amend its complaint and set up a third cause of action, for "expended and incurred settlement expenses and/or continuing costs * * * of" $75,000.

An involuntary petition in bankruptcy against the plaintiff was filed in this New York U. S. District Court July 18, 1947, and on August 6, 1947, plaintiff was adjudicated a bankrupt. Arthur T. McAvoy was appointed trustee and later joined as plaintiff trustee of the bankrupt in the Michigan action.

The United States then moved in the Michigan court for leave to file an inter-

vening complaint. The return day of the motion was December 6, 1948. Trustee McAvoy procured an order from the Referee requiring the United States and its named attorneys to show cause why an order should not be granted upon said trustee's petition "restraining, enjoining and staying all proceedings on behalf of the United States of America to intervene as a plaintiff" in said pending Michigan action or from bringing any suit in connection with a specified assignment. The Referee granted a permanent injunction, which the United States petitions this court to review.

The proposed intervening complaint sets forth two causes of action. It is unnecessary to detail its provisions.

The Referee in Bankruptcy, by his order dated December 29, 1948, permanently restrained, enjoined and stayed the United States and its named attorneys "from taking or proceeding with any and all proceedings in (its) behalf * * * to intervene as a party in" said pending Michigan action or from bringing any suit in connection with said assignment until further order. He made no findings of fact and conclusions of law and filed no opinion.

The United States has filed a petition to review this order. The Referee in his certificate on review dated January 10, 1949, says:

"3—The questions presented are as follows:

"Was said Order erroneous as charged in Paragraphs 1 to 7 inclusive, in said Petition, and did the Order contravene the expressed visions (provisions) of the Federal Rules of Civil Procedure, 28 U.S.C.A., as charged in Paragraph 8."

The petition of the United States, among other things, alleges that the Packard suit is not being prosecuted in the interest of creditors; that the United States claims are under collateralized, and benefit will inure to the United States from the collection of the Packard claim; that trustee's attorney asserts an attorney's lien; that the United States has right to intervene "to prevent waste and dissipation of its security * * *"; that trustee has failed to show any irreparable injury or damage will re-

sult by intervention of the United States; that the United States has right to insist that no attorney be thrust upon it for protection of its interest or claim; and that the United States will be liable to pay any judgment rendered against Packard; and further that the order of the Referee contravenes the expressed provision of the Federal Rules of Civil Procedure.

The United States has submitted amended proof of claim setting forth an alleged liability of the bankrupt in the sum of $1,118,870.91, with interest, and that the debt is entitled to priority of payment.

The United States in this proceeding asks that it "be permitted to intervene in the Packard suit by filing an intervening complaint which shall consist of Count 1 of the proposed intervening complaint only and with the prayer for judgment in Count 1 as aforesaid." In Paragraph 21 deponent alleges "that prayer for judgment in Count 1 of the proposed intervening complaint was drafted before the Bankruptcy, and that the United States had and has no intention of obtaining an affirmative money judgment against McAvoy and Rumsey * * *." The United States also proposes in the amended complaint to assert a prayer for judgment that the plaintiffs McAvoy and Rumsey hold any recovery in the action up to $453,680, with interest, as Trustees for the United States and the other termination lenders.

The Trustee in Bankruptcy, upon his appointment and qualification, became vested by operation of law with the title of the bankrupt to all rights of action arising upon contracts. 11 U.S.C.A. § 110, sub. a (6). It became his duty to collect and reduce to money the property of the bankrupt's estate, under the direction of the court, and close up the estate as expeditiously as is compatible with the best interests of the parties in interest. 11 U.S. C.A. § 75, sub. a(1).

■ The U. S. Supreme Court in United States Fidelity & Guaranty Co. v. Bray, 225 U.S. 205, 32 S.Ct. 620, 56 L.Ed 1055, after quoting from the Bankruptcy Act, declared:

"We think it is a necessary conclusion from these and other provisions of the

act that the jurisdiction of the bankruptcy courts in all 'proceedings in bankruptcy' is intended to be exclusive of all other courts, and that such proceedings include, among others, all matters of administration, such as the allowance, rejection, and reconsideration of claims, the reduction of the estates to money, and its distribution, the determination of the preferences and priorities to be accorded to claims presented for allowance and payment in regular course, and the supervision and control of the trustees and others who are employed to assist them." 225 U.S. at page 217, 32 S.Ct. at page 625.

"The Bankruptcy Act provides a complete, and the only, method for speedy and expeditious distribution of a bankrupt's assets among his creditors. All creditors, including the United States, are required to file proofs of their claims with the Referee. Sec. 57, sub. n, 11 U.S.C.A. § 93, sub. n. * * * It is clear that the Act applies to the United States." In re Flato, D.C.S.D.N.Y., 68 F.Supp. 632, 638.

 The U. S. Supreme Court in Isaacs v. Hobbs Tie & Timber Co., 282 U.S. 734, 51 S.Ct. 270, 75 L.Ed. 645, has further declared:

"Upon adjudication, title to the bankrupt's property vests in the trustee with actual or constructive possession, and is placed in the custody of the bankruptcy court. Mueller v. Nugent, 184 U.S. 1, 14, 22 S.Ct. 269, 46 L.Ed. 405. The title and right to possession of all property owned and possessed by the bankrupt vests in the trustee as of the date of the filing of the petition in bankruptcy, no matter whether situated within or without the district in which the court sits. Robertson v. Howard, 229 U.S. 254, 259–260, 33 S.Ct. 854, 57 L.Ed. 1174; Wells & Co. v. Sharp, 8 Cir., 208 F. 393; Galbraith v. Robson-Hilliard Grocery Co., 8 Cir., 216 F. 842. It follows that the bankruptcy court has exclusive jurisdiction to deal with the property of the bankrupt estate. * * * When this jurisdiction has attached the court's possession cannot be affected by actions brought in other courts. White v. Schloerb, 178 U.S. 542, 20 S.Ct. 1007, 44 L.Ed. 1183; Murphy v. John Hofman Co., 211 U.S.

562, 29 S.Ct. 154, 53 L.Ed. 327; Dayton v. Stanard, 241 U.S. 588, 36 S.Ct. 695, 60 L. Ed. 1190. This is but an application of the well-recognized rule that, when a court of competent jurisdiction takes possession of property through its officers, this withdraws the property from the jurisdiction of all other courts which, though of concurrent jurisdiction, may not disturb that possession; and that the court originally acquiring jurisdiction is competent to hear and determine all questions respecting title, possession, and control of the property. Murphy v. John Hofman Co., supra; Wabash R. Co. v. Adelbert College, 208 U.S. 38, 28 S.Ct. 182, 52 L.Ed. 379; Harkin v. Brundage, 276 U.S. 36, 48 S.Ct. 268, 72 L. Ed. 457." 282 U.S. 737–738, 51 S.Ct. 271.

The United States is merely the assignee of certain contract claims and not a pledgee. In the recent case of Manhattan Co. v. New York, N. H, & H. R. Co., 2 Cir., 171 F.2d 482, the court said:

"After a bankruptcy court assumes custody of a bankrupt's estate, it has power to enjoin all suits elsewhere which seek to dispose of, or adjudicate claims upon, his property; and out of this power appears to have developed the notion that the court may stay a mortgagee from foreclosing, even in the bankruptcy court itself, if foreclosure will be to the prejudice of the unsecured creditors. Pledged property is, however, ordinarily in the possession of the pledgee, and over it the bankruptcy court has no jurisdiction as such, and it is at most a doubtful question whether it may enjoin its sale in the interest of the unsecured creditors." 171 F.2d at page 483.

See also City and County of Denver v. Warner, 10 Cir., 169 F.2d 508, 510–511.

The United States seeks to intervene in the Michigan suit under Rule 24 of Federal Rules of Civil Procedure, 28 U.S.C.A. General Order in Bankruptcy No. 37, 11 U.S.C.A. following section 53, provides:

"In proceedings under the Act the Rules of Civil Procedure for the District Courts of the United States shall, in so far as they are not inconsistent with the Act or with these general orders, be followed as nearly as may be. But the court may shorten the limitations of time prescribed so as

█ **97**

to expedite hearings, and may otherwise modify the rules for the preparation or hearing of any particular proceeding."

The avowed purpose of the intervention as stated in the petition is "to the end that plaintiff's (Rumsey Manufacturing Corporation's) indebtedness to the United States may be determined by this court, and judgment therefor be offset against any amount due plaintiffs (Rumsey and McAvoy) from the United States under plaintiff's (Rumsey's) contract with Packard Motor Car Company, Inc., the defendant herein, and that the United States have judgment against plaintiffs (Rumsey and McAvoy) for the balance of its claims."

█ In Steelman v. All Continent Corp., 301 U.S. 278, 288–289, 57 S.Ct. 705, 709, 81 L.Ed. 1085, it is said:

"The Judicial Code provides (section 262, 28 U.S.C. § 377 [now 28 U.S.C.A. § 1651]) that the United States courts 'shall have power to issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the usages and principles of law.' The Bankruptcy Act reinforces that authority by providing (section 2(15), 11 U.S.C. § 11 (15) [11 U.S.C.A. § 11(15)]) that courts of bankruptcy are invested with jurisdiction 'at law and in equity' to 'make such orders, issue such process, and enter such judgments in addition to those specifically provided for as may be necessary for the enforcement of the provisions of this title.' Referring to these statutes, this court has said that 'the power to issue an injunction when necessary to prevent the defeat or impairment of its jurisdiction is * * * inherent in a court of bankruptcy, as it is in a duly established court of equity.' (Citing cases.)"
See: In re Sterling, 9 Cir., 125 F.2d 104, 106–107; 1 Collier on Bankruptcy, 14th Ed., page 287.

Injunctions are governed by Rule 65 of Rules of Civil Procedure. Subdivision (d) thereof provides:

"(d) Form and Scope of Injunction or Restraining Order. Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise."

█ On the question of the authority of the Referee to issue an injunction, it is believed that the instant case may be distinguished from any of those hereinbefore cited on that question, in that the plaintiffs as parties to the Packard suit were in a position to contest there the government's right to intervene and present the same reasons as presented here against defendant's right to intervene. Plaintiffs could have obtained speedy determination without aid of an injunction. The government in its brief in referring to the reason given in the Trustee's petition why an injunctive order should be granted said: "This latter clause evidently has reference to the fact that the United States proceeded in the first instance to move in the District Court in Detroit for permission to intervene, rather than to request in the first instance from the Bankruptcy Court. It is believed that it is better procedure in the first instance, under the circumstances, to make the application in the Bankruptcy Court, and the United States in its return to the petition and the injunctive order has requested permission of the Court in this district to intervene in the Detroit action as party plaintiff." In view of this statement, I hold that the motion herein was rightly made in the Bankruptcy Court.

██ This suit was commenced on February 3, 1947, and the application for intervention was not made until November, 1948. Rule 24(a) and (b) of the Rules of Civil Procedure requires, whether intervention is by right or by permission, that it should be made "timely". It does not appear why it was not made within a reasonable time after the commencement of the action. The government was informed of the action as early as May 1, 1947, because the U. S. Attorney for the

98

Eastern District of Michigan then filed a notice of appearance in the suit. What "timely" means must be determined upon the facts in each particular case. Many comparable cases may be cited. To name only a few, these are: "Woburn Degreasing Co. of N. J. v. Spencer Kellogg & Sons, Inc., 3 F.R.D. 7, decided by this Court; American Brake Shoe & Foundry Co. v. Interborough Rapid Transit Co., 2 Cir., 112 F.2d 669; Minneapolis-Honeywell Regulator Co. v. Thermoco, Inc., 2 Cir., 116 F.2d 845; Lockwood v. Hercules Powder Co., D.C., 7 F.R.D. 24, and numerous cases therein cited. The Court necessarily has considerable discretion in its determination, Ring v. Spina, 2 Cir., 148 F.2d 647, 160 A.L.R. 371; Simms v. Andrews, 10 Cir., 118 F.2d 803; State of Alabama v. United States, 279 U.S. 229, 49 S.Ct. 266, 73 L.Ed. 675, but it is not thought that this is proper case for the exercise of discretion to hold that the application was "timely."

■ A further reason for denying the government the relief sought is that the Department of Justice is represented as acting as attorney for the defendant Packard. The government seeks to intervene as a party plaintiff and gives as one reason why it should be permitted to intervene that it wishes to act as an observer and not as a combatant. This seemingly is an insufficient reason.

■ There is a suggestion that intervention is necessary in order to protect the government with respect to any claim for services of an attorney. Since the United States Attorney represents the defendant he would be in a position to protect the government in any right.

■ Further, the government has presented a claim in the Bankruptcy Court.

It is not seen why the government is not sufficiently protected in view of the fact that its claim is filed in the Bankruptcy Court, and any recovery in the Packard case must go into that Court for distribution in accordance with the law. It must be presumed that the Trustee will act in the interests of all of the creditors.

■ It is urged by the government that the Referee's order is insufficient in that it does not meet the provisions of Rule 65(d) of the Federal Rules of Civil Procedure. That Rule reads:

"Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; * * *."

■ Rule 65 of the Federal Rules of Civil Procedure determines the procedure to be followed in this proceeding. It is in no way in conflict with the Bankruptcy Rules. The Bankruptcy Rules lay down no procedure relative to the issuance of an injunction. An injunction is a drastic remedy. The rules should be strictly followed. There may be some doubt whether the order meets the provision of this rule. However, I think it does. It seems to me the recital that "irreparable damage may result" sets forth the reasons for the issuance. It is specific in terms as to the restrictive provisions. It describes the acts sought to be restrained in that it enjoins the United States of America from intervening in the Packard action. The temporary order to show cause is also under review here, but that, likewise, seems sufficient. See Rule 65(a) and (d) of Rules of Civil Procedure.

The decision of the Referee is sustained.