**CLARK et al. v. SANDUSKY et al.**
**Appeal of DE ROSE.**

No. 10846.

United States Court of Appeals
Seventh Circuit.

July 20, 1953.

Ulysses S. Keys, Wm. R. Ming, Jr., and Floyd E. Thompson, Chicago, Ill., for Clark and Sandusky.

Laurence M. Fine, Chicago, Ill., for De Rose.

Before DUFFY, LINDLEY and SWAIM, Circuit Judges.

LINDLEY, Circuit Judge.

Camille De Rose, hereinafter referred to as petitioner, appeals from an order of the District Court, denying her motion for leave to intervene. In the original action, filed June 19, 1951, plaintiffs, Negro citizens of the United States and of the State of Illinois, assert a right of action arising under the Constitution and the Civil Rights Statutes, 8 U.S.C.A. §§ 43, 47 and 48, and invoke the jurisdiction of the federal court under 28 U.S.C. § 1343(1), (2) and (3).

The material averments of the complaint are that, on or about June 6, 1951, plaintiffs Harvey Clark, Jr., and Johnetta, his wife, entered into an agreement with the landlord and owner of the premises known as 6139 West 19th Street, Cicero, leasing to them apartment C-5 therein for a period of one year, paid one month's rent in advance, received the keys to the apartment and got the consent of the owner to move into the apartment on June 8, 1951; that on June 7, 1951, Clark purchased a quantity of furniture from plaintiff, Maurice Scott, Sr., for $2700, and employed him to move it to apartment C-5; that, on June 8, 1951, the Clarks, with the aid of the other plaintiffs, attempted to move into the apartment; that defendant Konovsky, Chief of Police of Cicero, together with other police officers, acting under the authority granted him by the Town of Cicero and the officers thereof, by and under color of the laws of the State of Illinois, assaulted, mistreated and abused plaintiffs and prevented the Clarks from entering the premises, and that plaintiffs were, by defendant Konovsky, ordered to leave town, and threatened with serious injury if they should return. Plaintiffs contend that these acts constituted a violation of their rights under the Constitution, and pray damages and an injunction restraining defendants from interfering with the Clarks' alleged right of occupancy of the apartment.

On January 5, 1953, petitioner filed a motion for leave to intervene, alleging violation of her rights as a citizen. She does not challenge the right of plaintiffs to recover for violations of their personal rights by defendants, but denies that the Clarks have any property interest whatsoever, leasehold or otherwise, in the premises at 6139 West 19th Street, Cicero, or in the greater part of the furniture involved. Petitioner avers that she is the owner and landlord of the apartment building and owner of all of the furniture involved herein, with the exception of a few items, which she admits were the property of Clark. She further avers that, at all pertinent times, this furniture was located in apartment C-5; that plaintiffs conspired with one Adams, an attorney, and others (1) to make such unlawful use of her property as "to create an incident", by having a Negro attempt to move into Cicero as a challenge to the denial of Negroes' civil rights, (2) to spread the challenge among all noncaucasian people and (3) to fabricate grounds for lawsuits as an aid to a fund raising drive by the National Association for the Advancement of Colored People.

The following facts are averred to be the means through which this conspiracy was effectuated. Petitioner was fraudulently persuaded by Adams, who falsely purported to act for her best interests as her counsel, to place the title to the premises in trust with the LaSalle Street Trust and Savings Bank, and, thereafter, to assign the beneficial interest therein to Adams. These transactions were promoted solely as a part of the scheme of plaintiffs and others to create a race riot. Thereafter the Clarks were selected, on the basis of Clark's war record and reputation, as the parties to attempt to move into the apartment in order to promote a test case; and, at the instance of Adams, petitioner was caused to be incarcerated wrongfully, first, in the Cook County Jail, and later in a mental institution, to prevent her from asserting her rights in the real and personal property in issue. Petitioner further avers that she was requested by Adams to execute a lease of the apartment to the Clarks, and that she refused to do so.

She avers that these concerted acts by plaintiffs, Adams and others, and the consequential acts of defendants in opposition to plaintiffs' scheme caused her building to be damaged seriously and boarded up on order of the court and her furniture and effects to be destroyed. Wherefore, she avers, she has suffered damages and prays judgment against both plaintiffs and defendants.

■ Petitioner's contention that she should have been permitted to intervene as amicus curiae is, we think, without merit. Her petition is addressed solely to a request for leave to participate as a party, not for leave to appear in an amicus capacity. An amicus curiae is "not a party to the action, but is merely a friend of the court whose sole function is to advise, or make suggestions to, the court." Klein v. Liss, D.C.Mun.App., 43 A.2d 757, 758. See also, City of Winterhaven, Fla. v. Gillespie, 5 Cir., 84 F.2d 285, certiorari denied Hartridge-Cannon Co. v. Gillespie, 299 U. S. 606, 57 S.Ct. 232, 81 L.Ed. 447.

■ Furthermore, the granting or denial of an application to intervene in such capacity, lies wholly within the discretion of the trial court and is not reviewable. The Claveresk, 2 Cir., 264 F. 276; In re Columbia Real Estate Co., D.C.Ind., 101 F. 965. Therefore, even if petitioner's application could be interpreted as a request to intervene as amicus curiae, the trial court's order is not reviewable.

We are of the opinion, also, that petitioner cannot prevail in her argument that she should have been permitted to intervene under the rule covering permissive intervention, F.R.Civ.P. 24(b), 28 U.S.C. A., for the granting or denial of permissive intervention is discretionary with the trial court, and reviewable only for abuse. Allen Calculators, Inc. v. National Cash Register Co., 1944, 322 U.S. 137, 64 S.Ct. 905, 88 L.Ed. 1188; American Brake Shoe and Foundry Co. v. Interborough Rapid Transit Co., 2 Cir., 112 F.2d 669; Palmer v. Guaranty Trust Co., 2 Cir., 111 F.2d 115.

918

See also, In re Dolcater, 2 Cir., 106 F.2d 30.

█ Obviously, petitioner presents "questions of law and fact" in common with the main action, for she asserts a substantial interest in the litigation and a claim adverse to both plaintiffs and defendants. In this respect she brings herself within the provisions of Rule 24(b) (2), and the trial court might properly have granted intervention. However, we think that denial of permission to intervene was not such a clear abuse of discretion as to justify this court to reverse. She may institute an original action of her own against all parties to the main cause and have her rights adjudicated therein. See, International Workers Order v. McGrath, 86 U.S.App.D.C. 287, 182 F.2d 368. So, even though it might be more convenient for her to assert her claim at this time in conjunction with the main cause, we hold that this is not that degree of abuse which will permit this court to reverse.

█ We are of the opinion, however, that the trial court erred in denying petitioner's motion to intervene as a matter of right. Rule 24(a) (2) of the Federal Rules of Civil Procedure affords a party a right to intervene "upon timely application" "when the representation of the applicant's interests by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action".

█ For present purposes, the petition must be taken as true, for "The question on a petition to intervene is whether a well-pleaded defense or claim is asserted. Its merits are not to be determined. The defense or claim is assumed to be true on [a] motion to intervene, at least in the absence of sham, frivolity, and other similar objections." Otis Elevator Co. v. Standard Construction Co., D.C.Minn., 10 F.R.D. 404, 406. So construing this petition, petitioner asserts an interest sufficient to entitle her to intervene, if she satisfies the requirement of Rule 24 (a) (2), that the application be timely. Minneapolis-Honeywell Regulator Co. v. Thermoco, Inc., 2 Cir., 116 F.2d 845; In re Rumsey Manufacturing Co., D.C.N.Y., 9 F.R.D. 93.

This action was commenced on June 19, 1951. Petitioner's motion to intervene was not filed until January 5, 1953. Whether an application to intervene comes too late is to be determined from all the circumstances shown. Pyle-National Co. v. Amos, 7 Cir., 172 F.2d 425; American Brake Shoe and Foundry Co. v. Interborough Rapid Transit Co., 2 Cir., 112 F.2d 669; Woburn Decreasing Co. v. Spencer Kellogg and Sons, D.C.N.Y., 3 F.R.D. 7. In her petition and supporting affidavit, petitioner avers that she was prevented from filing her application at any earlier date by the action of plaintiffs and their attorneys in wrongfully causing her to be incarcerated in a mental institution. In the absence of any showing to refute this averment, we think petitioner's application reflected due diligence.

█ Under the rule, petitioner must also show that she is inadequately represented by existing parties and that she is or may be bound by a judgment entered in the cause. MacDonald v. United States, 9 Cir., 119 F.2d 821, modified on other grounds [Great Northern Ry. Co. v. United States], 315 U.S. 262, 62 S.Ct. 529, 86 L.Ed. 836. Unquestionably petitioner satisfies the former requirement. She asserts a claim adverse to both plaintiffs and defendants. Her petition avers a conspiracy on the part of plaintiffs and others wrongfully to appropriate and use her property, and injury to her property by defendants as a consequence of this conspiracy. Thus she is not represented by any of the original parties and is clearly within the purview of the Rule. Deauville Associates Inc. v. Eristavi-Tchitcherine, 5 Cir., 173 F.2d 745.

The second requirement poses some difficulty. Since petitioner is not a necessary party to this cause, a judgment therein will not adjudicate her claims. No reason appears why she could not assert these rights in an independent action against all the original parties to this cause. She will be, however, unduly prejudiced by that judgment, for the property involved in this controversy, which she claims, has been destroyed or badly damaged. Since this is so, petitioner will certainly be material-

ly affected if she is not permitted to participate in the action and assert her claim to property claimed by plaintiffs. Champ v. Atkins, 76 U.S.App.D.C. 15, 128 F.2d 601.

This Rule should be liberally construed, in order to avoid multiplicity of suits and settle all related controversies in one action. Twentieth Century-Fox Film Corp. v. Jenkins, D.C.N.Y., 7 F.R.D. 197. The right to intervene is not barred merely by the existence of another remedy. Rhinehart v. Victor Talking Machine Co., D.C.N.J., 261 F. 646. So, even though petitioner may be able to assert her rights in another suit, those rights may well be substantially prejudiced if they cannot be presented at this time. We conclude, therefore, that she has made sufficient showing of a right to intervene.

For the foregoing reasons, we reverse and remand the cause to the trial court with directions to grant petitioner's motion.