**BOSTON & PROVIDENCE RAILROAD STOCKHOLDERS DEVELOPMENT GROUP (James H. Sachs, Chairman), Appellant,**

v.

**Richard Joyce SMITH, William J. Kirk and Harry W. Dorigan, as the Trustees of the Property of the New York, New Haven and Hartford Railroad Company, Debtor, Appellees.**

**Docket No. 28884.**

United States Court of Appeals
Second Circuit.

Submitted April 27, 1964.

Decided June 8, 1964.

652

John S. Dawson, Marsh, Day & Calhoun, Bridgeport, Conn., Sidney H. Willner, New York City, Armistead B. Rood, Washington, D. C., Joseph B. Hyman, Alexandria, Va., for appellant.

James Wm. Moore, New Haven, Conn. (Robert W. Blanchette and David K. McConnell, New Haven, Conn., of counsel), for appellees.

Before LUMBARD,* Chief Judge, and MOORE and SMITH, Circuit Judges.

PER CURIAM.

The Boston & Providence Railroad Stockholders Development Group (appellant) appeals from the denial of its motion to intervene in the two reorganiza-tion proceedings of the New York, New Haven and Hartford Railroad Company (New Haven) in the District Court for the District of Connecticut (Docket Nos. 16562 and 30226). In addition to moving in this Court on May 18, 1964 for an extension of time within which to file the record on appeal, appellant moved on June 1, 1964 for "summary reversal" of the District Court and affirmance of its right to intervene. The Trustees of the New Haven (Trustees) have moved to dismiss the appeal.

On March 2, 1964, hearings began in the District Court (Connecticut) on the Trustees' petition for authority to support a proposed plan of reorganization of the Boston & Providence Railroad in proceedings before the Interstate Commerce Commission and the United States District Court for the District of Massachusetts. Counsel for appellant moved to intervene generally and as *amicus curiae* in the New Haven proceedings. The motions were denied the same day.

■ A denial of a motion to intervene as *amicus curiae* is not appealable, Clark v. Sandusky, 205 F.2d 915, 917 (7th Cir.1953).

■ Appellant plainly lacks standing to intervene as a matter of right. It does not qualify as a creditor of the New Haven or as an interested party either in the New Haven proceedings generally or in the petition before the District Court on March 2, 1964. Bankruptcy Act, § 77, sub. c(13). Denial of intervention was therefore within the sound discretion of the District Court. Appellant's rights, if any, may be fully protected in the Boston & Providence proceeding in the Interstate Commerce Commission and in the Massachusetts District Court.

The Trustees' motion to dismiss the appeal is granted, with costs, which are to include counsel fees; appellant's motions are denied.

* Chief Judge Lumbard took no part in the consideration or decision of this case.